DONNA MCDONALD *vs.* THOMAS BELLOTTI. No. 89-P-177. November 15, 1990. *Paternity. Parent and Child*, Support of illegitimate child. *District Court*, Jurisdiction. *Jurisdiction*, Paternity proceeding.

In 1988, the plaintiff sued the defendant in the Boston Municipal Court (BMC), alleging that he was the father of her illegitimate child, born on January 6, 1985. She sought a civil adjudication of paternity and a support order pursuant to G. L. c. 209C.

Three years earlier, the Department of Public Welfare (DPW) had filed a "complaint" (technically, an application for the issuance of criminal process) against the defendant in the Quincy Division of the District Court Department. The DPW sought to have the defendant adjudicated the father of the plaintiff's child under G. L. c. 273, § 12, as in effect prior to St. 1986, c. 310, § 25, and to obtain a nonsupport judgment under G. L. c. 273, § 15. The clerk-magistrate of the Quincy District Court, in late 1985, and a judge of that court, in early 1986, respectively determined, after hearings, that probable cause to issue process against the defendant

---

had not been shown. Accordingly, the chapter 273 proceeding ended there, and, no "complaint" issued.

On December 8, 1988, an order of dismissal was entered in the BMC with respect to the plaintiff's G. L. c. 209C case. On that day, a hearing had been scheduled on the plaintiff's motion for a blood test pursuant to G. L. c. 209C, § 17. In the course of that hearing, defendant's counsel argued the motion to dismiss which had been filed that day with an accompanying affidavit describing the proceedings in the Quincy District Court. The motion to dismiss, on its face, was grounded on lack of subject matter jurisdiction and failure to state a claim upon which relief could be granted.[1] Essentially, the defendant argued that the G. L. c. 209C proceeding was barred by the rulings made in the Quincy District Court in 1985 and 1986. Counsel for the plaintiff countered by pointing out that those proceedings involved a criminal matter under G. L. c. 273. He did not object to the motion to dismiss being heard on that day, although he had been given only one day's notice of its filing. It is also noteworthy that the plaintiff, on December 8, 1988, filed a four-page opposition to the motion to dismiss.

The only witness called during the December 8, 1988, hearing in the BMC was an attorney for the DPW who, at the defendant's request, delivered to the court several documents filed with the DPW by the plaintiff and containing sworn statements in which she indicated that the father of the child was unknown. Counsel for the plaintiff represented that there were other documents filed by the plaintiff in which she set forth the name of the defendant or the name "Thomas Bell" as the father, and that she was merely trying to protect the father of her child in those instances in which she did not disclose his name. When plaintiff's counsel stated that he did not deny that there were inconsistencies in the records, the judge indicated that he did not intend to accept the plaintiff's word. He also stated, apparently on the basis of the inconsistencies in the records, that "If she doesn't know who she had sex with, then she's not very high in my standard." He then abruptly denied the request for a blood test and allowed the motion to dismiss the complaint, "with prejudice." At that point, the plaintiff had not testified, but had filed an affidavit in support of the motion for a blood test in which she swore to sexual intercourse with the defendant "on more than one occasion" during March and April of 1984, and stated that she had carried her child full term.

---

[1]Although the motion stated that it was filed pursuant to "Rule 12(b)(1) and 12(b)(6) of the Rules of Civil Procedure for the Boston Municipal Court," it was governed by Mass.R.Civ.P. 12, 365 Mass. 754 (1974), by virtue of Dist./ Mun.R.Civ.P. 1 and 12 (1975).

As a general proposition, the plaintiff was entitled to at least seven days' notice of the hearing on the dismissal motion.[2] Given the failure of the plaintiff to object to the accelerated hearing, and her counsel's written and oral responses to the merits of the motion, it may have been within the judge's discretion to forgive the noncompliance with the seven-day rule. See *USTrust Co. v. Kennedy*, 17 Mass. App. Ct. 131, 135 (1983); Rule 301(B)(2) of the Special Rules of the Boston Municipal Court Department Sitting for Civil Business.

In any event, the dismissal was improper. Subject matter jurisdiction is conferred upon the BMC by G. L. c. 209C, § 3. The complaint is on a BMC form on which the plaintiff adopted preprinted allegations of paternity and nonsupport. On its face, it handily passes the test of legal sufficiency raised by a motion under Mass.R.Civ.P. 12(b)(6), 365 Mass. 755 (1974). The defendant argues that the motion to dismiss was converted to a motion for summary judgment when he presented information of the Quincy District Court proceedings to the judge and, as such, was properly allowed. He contends that the 1985 and 1986 refusals to issue process insulated him against the instant action by operation of principles of preclusion and constitutional fairness. That argument fails initially on a procedural level since the plaintiff was not afforded a reasonable opportunity to present pertinent material as required by Mass.R.Civ.P. 12(b). Substantively, it ignores the clear language of G. L. c. 209C, § 22(*d*), inserted by St. 1986, c. 310, § 16, that "[n]o proceeding hereunder shall be barred by a prior finding or adjudication under any repealed sections of chapter two hundred and seventy-three." G. L. c. 273, § 12, was repealed by St. 1986, c. 310, § 25. In interpreting G. L. c. 209C, § 22(*d*), the Supreme Judicial Court has stated,

> "The Legislature intended that an action such as this could be maintained in spite of a verdict in an earlier proceeding under G. L. c. 273, § 12, in favor of an alleged father. . . . We conclude that the Legislature intended to permit readjudication of the question of paternity under G. L. c. 209C where, under G. L. c. 273, § 12, proof of the alleged paternity of the defendant had not succeeded. Section 22(*d*) makes irrelevant all questions concerning the application to this kind of case of common law principles of claim and issue preclusion based on findings and rulings in earlier litigation. Claim and issue preclusion are not founded on constitutional principles, but are matters of public policy."

*Department of Rev.* v. *Jarvenpaa*, 404 Mass. 177, 182 (1989).

---

[2]Mass.R.Civ.P. 6(c), 365 Mass. 748 (1974), applies to proceedings in the Boston Municipal Court by virtue of Dist.Mun.R.Civ.P. 1 and 6 (1975). See also Dist.Mun.Supp.R.Civ.P. 105 (1975).

The defendant further argues that G. L. c. 209C, § 22(*d*), is somehow here inapplicable because of the lower standard of proof involved in the District Court hearings (probable cause under G. L. c. 218, § 35A, as contrasted with clear and convincing evidence under G. L. c. 209C, § 7). This argument fails to recognize the interlocutory nature of the 'show cause' proceedings in the Quincy District Court. The rulings in those proceedings were not tantamount to acquittals such as to preclude further litigation of the issue of paternity. See *Commonwealth* v. *Dias*, 385 Mass 455, 459 (1982). Whatever their role and interest in those proceedings, neither the plaintiff nor her child had a right to challenge their outcome. *Manning* v. *Municipal Ct. of the Roxbury Dist.*, 372 Mass. 315, 317-318 (1977). In any event, the real party in interest in this case is the plaintiff's child, whether he is formally made a litigant or treated as being represented by his mother. He is not bound by determinations in the defendant's favor in the G. L. c. 273 proceeding. *Department of Rev.* v. *Jarvenpaa*, *supra* at 184. "Legitimate children's support rights are not contested in such unfavorable circumstances, and it would be unfair, and possibly unconstitutional on equal protection grounds to discriminate against an illegitimate child and cause his support rights to be irretrievably surrendered in such a proceeding." *Id.* at 185 (citations omitted). See G. L. c. 209C, § 1.

Accordingly, the order of dismissal, which we treat as a judgment of dismissal, is vacated and the case is remanded to the Boston Municipal Court.[3]

*So ordered.*

The case was submitted on briefs.
*Craig La Clair* for the plaintiff.
*Stephen R. Delinksy & Treazure R. Johnson* for the defendant.

[3]Although no judgment appears to have been entered, the order of dismissal was intended to be dispositive of the plaintiff's complaint. We, therefore, treat it as a judgment of dismissal. See *Gottsegen* v. *Gottsegen*, 397 Mass. 617, 618 n.1 (1986). Whether the defendant should be required to submit to a blood test is, of course, an open question in any subsequent proceeding.

