**Salem**
HERMAN OSBY SHELTON
v.
AN INFANT, BY HER NEXT FRIEND,
GLENN L. BERGER
No. 1778-90-3
Decided July 1, 1991

COUNSEL

James P. Kent, Jr. (Kent & Kent, on brief), for appellant.

Glenn L. Berger (Shreve & Berger, on brief), for appellee.

OPINION

**MOON, J.**—We hold that the infant appellee is not barred from having her biological father, Herman Osby Shelton, appellant, ordered to pay child support merely because, in an earlier divorce proceeding between the infant's natural mother and another man, Ronald Keith Dudley, a court decreed that the infant was their daughter.

The infant was born October 9, 1974, while her natural mother was married to Ronald Keith Dudley. On May 21, 1976, in divorce proceedings between her mother and Dudley, the Circuit Court of Pittsylvania County decreed that custody of "the children (the infant and her stepsister) of the parties" be awarded to the mother. No support was ordered. In 1990, this support petition was filed by Glenn L. Berger as next friend of the infant against Herman Osby Shelton, alleging Shelton to be the infant's natural father. Shelton filed a third party action against Ronald Keith Dudley, the mother's former husband. All parties submitted to blood grouping tests. The results of those tests showed Dudley not to be the father of the infant and Shelton to be the father. The circuit court found Shelton to be the biological father, ordered him to pay support of $400 per month, and granted visitation rights.

Shelton claims that under principles of collateral estoppel, the child is barred from claiming support from him because of the decision in the Dudley divorce case. He relies upon this Court's decision in the case of *Slagle v. Slagle,* 11 Va. App. 341, 398 S.E.2d 346 (1990). There, we held that the former husband who, after having been adjudicated the natural father of the child in the divorce action, subsequently discovered through blood tests that he was not in fact the father, was precluded under the principles of collateral estoppel from relitigating paternity with his former wife, the mother, because that issue of fact was actually litigated and was essential to the final judgment in their divorce case.

In *Slagle*, the husband and his former wife were the parties in both actions. Here, Shelton was not a party to the Dudley divorce; thus, he has no standing to claim benefits under the Dudley divorce decree because he was not one of "the parties to the first action [or] their privies." *Id.* at 344, 398 S.E.2d at 348.

Furthermore, appellee was not a party to the divorce action between her mother and Ronald Keith Dudley. In *Commonwealth ex rel. Gray v. Johnson*, 7 Va. App. 614, 621, 376 S.E.2d 787, 790 (1989), we held that the doctrine of *res judicata* does not bar the minor child's right to a determination of paternity in a subsequent suit where the petitioner's parents divorced and the decree asserted that there were no children born of the marriage. A parent may not give up, waive or forfeit the right of the child.

> [A] mother and child are not in privity when the prospective rights of a minor child to establish paternity are at issue, and the child is not bound by a paternity determination unless the child is formally named a party, represented by a guardian *ad litem* and given an adequate opportunity to litigate the issue.

*Id.*

Similarly, in the Dudley divorce, the infant was not formally named a party, represented by a guardian *ad litem*, or in any way given an adequate opportunity to litigate the paternity issue in the Dudley divorce.

Appellant also claims that the provisions of Code § 16.1-283 should be applicable and mandatory to the trial court terminating the parent-child relationship between the infant and her putative father, Dudley. Here again, Shelton has no standing to invoke either the infant's or Dudley's rights. Each has willingly abandoned any claim to such rights.

Accordingly, the judgment appealed from is affirmed.

*Affirmed.*

Coleman, J., and Duff, J., concurred.