Neel, J.
BACKGROUND
On August 11, 1992, the plaintiff, inmate Robert Fanning (“Fanning”), filed a complaint for declaratory judgment against the defendant, Department of Corrections (“D.O.C.”), seeking to declare the 7.5-day cap on earned statutory good time under G.L.c. 127, §129D unconstitutional. Presently before the court is D.O.C.’s motion to dismiss, or in the alternative mo *229 tion for summary judgment. For the reasons stated below, the D.O.C.’s motion will be treated as a motion for summary judgment and is allowed.
DISCUSSION
I. Motion to Dismiss/Motion for Summary Judgment Standard
When reviewing a motion to dismiss, the court must review the sufficiency of the complaint, accepting as true not.only the allegations of the complaint, but also any inference in favor of the plaintiff which can be drawn from those allegations. Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If any materials in addition to the complaint are considered, the motion to dismiss must be treated as a motion for summary judgment pursuant to Mass.R.Civ.P. 56. See Mass.R.Civ.P. 12(b); Gibbs Ford, Inc. v. United Truck Leasing, 399 Mass. 8, 13 (1987) (court’s consideration of new information not contained in the complaint, converts 12(b)(6) motion into a summary judgment when that information adds something material). Notice of a conversion from a 12(b)(6) to a Rule 56 motion must be given so that a party may have a practical opportunity to submit materials. McDonald v. Bellotti, 29 Mass.App.Ct. 988 (1990) (rescript). A party, however, has constructive notice if that party, itself, submits extra-pleading materials. Stop & Shop Companies, Inc. v. Fisher, 387 Mass. 889, 892 (1983); White v. Peabody Constr. Co., 386 Mass. 121, 126-28 (1982). In the present case, the motion to dismiss will be treated as a motion for summary judgment, without notice to Farming, because Farming submitted extra-pleading materials for the court’s consideration.
II. G.L.c. 127, §129D.
Farming’s complaint for declaratory judgment presents the following three questions of law for the court: (1) was the 7.5-day cap, imposed prior to 1989 on earned statutory good time credit by 103 Code of Mass. Regs. 411.08(1), valid in the absence of specific statutory authorization; (2) is the 7.5-day cap imposed on earned statutory good time credit by a 1989 amendment to G.L.c. 127, §129D an ex post facto law; and (3) if the D.O.C. fails to impose the 7.5-day good time credit cap in certain instances, does such a failure entitle Farming to statutory good time credit in excess of the 7.5-day cap? Fanning argues that if these questions are answered affirmatively, his statutory good time credits must be recalculated and such a recalculation will entitle him to immediate release. D.O.C. has filed a motion for summary judgment on Fanning’s complaint, arguing that the 7.5-day cap does not violate Fanning’s constitutional rights.
First, the rules and regulations promulgated by the Department of Corrections have the force of law. Royce v. Commissioner of Correction, 390 Mass. 425, 427 (1983). Concerning matters not specifically outlined in the regulations, “courts permit prison administrators considerable discretion in the adoption and implementation of prison policies.’’ Id. Thus, the regulations providing for a 7.5-day cap, which were in effect when Farming was sentenced on April 27, 1984, were valid and enforceable in the absence of a specific statute. See 103 Code of Mass. Regs. 411.08(1) (1978).
Second, the 1989 amendment to G.L.c. 127, §129D is not an ex post facto law. Because the regulations, which have the force of law, provided for a 7.5-day cap at the time Fanning was incarcerated, Fanning could only have expected to be eligible to earn up to 7.5 days of good time. Moreover, inmates do not have a constitutional right to earned good time credits. Jackson v. Hogan, 388 Mass. 376, 379 (1983). Rather, they possess only a right to participate in designated programs. Id.
Finally, Fanning argues that some inmates have received good time credits in excess of the statutory 7.5-day cap. This court cannot award Fanning good time credits in excess of the statutory limit based upon an allegation that certain other inmates may have been miscredited. Accordingly, D.O.C.’s motion for summary judgment is allowed on all counts of Fanning’s complaint for declaratory relief.
ORDER
For the foregoing reasons, it is hereby ORDERED that D.O.C.’s motion for summary judgment on all counts of Fanning’s complaint for declaratory relief be ALLOWED.