36 Mass. App. Ct. 446 (1994)
632 N.E.2d 429
J.C.
vs.
E.M.
No. 92-P-882.
Appeals Court of Massachusetts, Dukes County.
December 8, 1993.
May 2, 1994.
Present: PERRETTA, DREBEN, & LAURENCE, JJ.
Roberta F. Benjamin for the defendant.
Richard D. Packenham for the plaintiff.
DREBEN, J.
This appeal raises the question whether a divorce judgment constituting an adjudication of paternity bars a subsequent action of paternity against the alleged biological father. A probate judge held that it does not, found that the defendant was the father, and ordered him to pay for the support of his daughter. We affirm the judgment.
We take the facts from the stipulation of the parties and the findings of the judge. In December, 1977, A.C. (husband) *447 married J.C. (mother).[1] Prior to the marriage, the husband had had a successful vasectomy which had not been reversed. On November 20, 1984, the mother had sexual relations with E.M. (father) and gave birth to a daughter on August 21, 1985.[2] Although the husband knew he was not the father, he agreed to place his name on the birth certificate to avoid embarrassment in the small community in which they lived.[3] After the child's birth, the mother supported her financially while the husband stayed home and took care of her.
The mother maintained contact with the father after the child's birth, and the father occasionally saw the child at social gatherings. Between the years 1985-1990, at the mother's request, he gave her $5,000. He has not seen the child since August, 1990.[4]
In June, 1988, the husband and the mother filed a joint petition for divorce, listing the daughter as a child of the marriage. They did not inform the court of the circumstances of her parentage. A judgment of divorce was entered on October 14, 1988, incorporating a marital separation agreement which included extensive provisions for child support, custody, and visitation.
In his findings, the judge hearing the paternity case stated that the mother represented that the provisions in the agreement for child support ($50 per week) were added at the insistence of the judge hearing the divorce and that neither party expected support payments to be made. The mother has not sought child support payments from the husband and no support payments have been made by him. He has cooperated with the wife in this action and has filed an affidavit in *448 support of the petition for paternity. At the mother's request, the husband has not seen the child during the pendency of this litigation, although he regularly speaks to the child on the telephone.
Subsequent to the bringing of the petition, the husband, the father, and the mother, by agreement, submitted to paternity testing. The husband was ruled out as the father, and the father was included with a 99.06 percent chance of paternity. The judge found him to be the father, and the defendant does not contest that finding.
What he does argue on appeal, as he did in the Probate Court, is that the present proceeding is barred by principles of res judicata and estoppel. He correctly points out that where, as here, the divorce judgment incorporates, as an order of the court, an agreement attesting to paternity, the judgment necessarily contains an adjudication of paternity. Anderson v. Anderson, 407 Mass. 251, 256, 258 (1990). "[A] paternity finding in a divorce judgment `constitutes an adjudication of the paternity of a child of the marriage.'" A.R. v. C.R., 411 Mass. 570, 573 (1992), quoting from Anderson v. Anderson, supra at 256. See G.L.c. 209C, § 11.[5]
While claim preclusion would bar the husband from attacking the determination of paternity, Anderson v. Anderson, at 258-259, the "minor plaintiff should not be foreclosed by the prior judgment from presenting [her] own case for support (and perhaps to establish other rights)," such as the right to inherit from her biological father. See Department of Rev. v. Jarvenpaa, 404 Mass. 177, 184 & n. 8 (1989). See *449 also Knox v. Remick, 371 Mass. 433, 437 (1976) (parents may not bargain away the rights of their children to support). Although the Jarvenpaa case was based on a legislative provision, its reasoning in favor of preserving the rights of a minor child is persuasive and, we think, applicable here. The child should not be held to have lost her rights by reason of divorce proceedings between the husband and the mother where her father, unlike the Jarvenpaa case, was not even a party. The result is in no way unfair to the father who has never litigated the matter, and as a biological parent, has the primary obligation to support his child. See A.R. v. C.R., 411 Mass. at 575. Courts elsewhere have held that a minor child is not bound by a divorce adjudication that the child was issue of the marriage. See, e.g., Adoption of Stroope, 232 Cal. App.2d 581, 584-585 (1965); Simcox v. Simcox, 131 Ill.2d 491, 497 (1989); In re Marriage of Ross, 245 Kan. 591, 592 (1989), affirming In re Marriage of Ross, 13 Kan. App. 402, 408, on this point; Baker v. Williams, 503 So.2d 249, 254 (Miss. 1987); Gipson v. Enright, 753 S.W.2d 122, 124 (Mo. Ct. App. 1988); Shelton v. An Infant, 12 Va. App. 859 (1991). Cf. Wiese v. Wiese, 699 P.2d. 700 (Utah 1985). See also Annot., 78 A.L.R.3d 846, 854-856 (1977), and cases cited. Some cases suggest or require the appointment of a guardian ad litem for the child in paternity actions against the alleged biological father. See, e.g., Baker v. Williams, supra at 253; Cleo v. Gene, 438 S.E.2d 886, 889 (W. Va. 1993).
The mother in her own right is barred from bringing the action by claim preclusion. While she should, perhaps, have brought this action in the name of the child, but see G.L.c. 209C, § 5(a), "the real party in interest in this case is the plaintiff's child, whether [s]he is formally made a litigant or treated as being represented by [her] mother." McDonald v. Bellotti, 29 Mass. App. Ct. 988, 991 (1990). Without further action, see Geraghty v. Mott's Shop-Rite, Inc., 377 Mass. 911, 912 (1979), we treat the pleadings as including a claim on behalf of the child. She is not bound by the prior divorce litigation. See McDonald v. Bellotti, 29 Mass. App. *450 Ct. at 991. The judge was correct in ruling that the divorce action was not a bar to the present petition.
The only remaining issues before us are the mother's claim in her cross appeal that the award of $400 per week in child support was too little, and the father's contention that there was error in awarding legal fees and that in any event the amount of such fees was excessive. These claims are without merit. The child support guidelines do not apply where, as here, the gross income of the father, the noncustodial parent, exceeds $75,000.[6] On the evidence before him, including the mother's income, the judge was warranted in determining that the child's needs would be met by a weekly award of $400. There was also no error in the award of legal fees pendente lite and at the close of the case. See Doe v. Roe, 32 Mass. App. Ct. 63, 68-69 (1992). There was no abuse of discretion in the amount awarded.
Judgment affirmed.
NOTES
[1] The husband and the mother were married in New York by a priest who did not record the marriage and the church later burned down. There is no record of this marriage.
[2] The father was aware of the mother's pregnancy and urged her to obtain an abortion.
[3] When the mother requested a birth certificate from the Commonwealth, she was informed that a marriage certificate was required. The mother and the husband went through a second ceremony of marriage on September 16, 1985, again to avoid embarrassment to the child.
[4] The present petition for paternity was filed on August 17, 1990.
[5] General Laws c. 209C, § 11, inserted by St. 1986, c. 310, § 16, provides that an acknowledgment of paternity "shall have the same force and effect as a judgment adjudicating paternity." The statute continues: "In any subsequent action under this chapter, a prior approved [by the court] acknowledgment as to paternity shall be res judicata as to that issue which shall not be reconsidered by the court."

The statute is not applicable to the present proceedings as here there was a judicial adjudication of paternity. We need not consider whether c. 209C, § 11, or St. 1993, c. 460, § 68, adding a proviso to G.L.c. 209C, § 2, pertaining to judicial and administrative determinations, goes beyond reflecting legislative approval of the judicial principles of res judicata. Chapter 460, § 68, was not effective until April 13, 1994.
[6] The child support guidelines provide that in cases where the income of the noncustodial parent exceeds $75,000, "the court should consider the award of support at the $75,000 ... level as a minimum presumptive level of support to be awarded." Even without any downward adjustment for the mother's earnings, or for the health insurance ordered by the judge, the $400 weekly award exceeds that minimum.