Cowin, J.
This matter is before the Court on defendant Larry Dubois’s motion to dismiss or, in the alternative, for summary judgment. The plaintiff, Douglas McNeil, a state prisoner in the custody of the Massachusetts Department of Corrections (“DOC”), seeks a declaration pursuant to G.L.c. 231A, §§1-9,[1] that defendant Larry Dubois, the Commissioner of the DOC, abused his authority by promulgating DOC regulation 103 CMR 411.09(1) (1990). Plaintiff argues that defendant’s promulgation of this regulation is due to an erroneous interpretation of G.L.c. 127, §129D which statute limits a prisoner to accruing a maximum of seven and one-half days of earned good time credit per month. As a result, plaintiff claims he is being denied the opportunity to accrue certain earned good time credits and thus that his equal protection, as well as his substantive and procedural due process rights, have been violated.
Defendant maintains that promulgation of 103 CMR 411.09(1) (1990) was not an abuse of his authority and that plaintiff has no constitutional right to earned good time credits.
BACKGROUND
Plaintiff is currently incarcerated in the Old Colony Correctional Center in Bridgewater, Massachusetts. During the time spent in Old Colony, plaintiff has satisfactorily participated in various prison-sanctioned programs, including Alcoholics Anonymous, Narcotics Anonymous, Runners’ Club, Lifers’ Group and school and work programs. Pursuant to G.L.c. 127, §129D a prisoner can earn no more than seven and one-half days per month of good time credit for satisfactory participation in authorized employment, educational, vocational and other programs and activities.
The DOC regulation at issue, 103 CMR 411.09 (1) (1990), promulgated by the defendant, divides approved good time programs into three categories[2] and limits a prisoner to earning no more than two and one-half days credit per category per month, not to exceed the statutory maximum of seven and one-half days of earned good time credit per month. According to the terms of this regulation, if all the programs an inmate participated in were in the same category, he would earn no more than the category maximum of two and one-half days per month rather than the statutory maximum of seven and one-half days per month. However, if a prisoner participated in programs in each category, potentially he would earn the statutory maximum of 7.5 days. Plaintiff argues that the statute, in establishing the maximum of 7.5 days, did not contemplate further administrative limitation and that, therefore, the limitation in the regulation is an abuse of defendant’s authority.
DISCUSSION
I. Motion to Dismiss/Motion for Summary Judgment Standard
Notice of conversion from a 12(b)(6) motion to a Rule 56 motion must be given so that a party may have a practical opportunity to submit materials. McDonald v. Bellotti, 29 Mass.App.Ct. 988 (1990) (rescript). A party may be held to have constructive notice if that party itself submits extra-pleading materials. Stop & Shop Companies, Inc. v. Fisher, 387 Mass. 889, 892 (1983); White v. Peabody Construction Co., 386 Mass. 121, 126-28 (1982). In the instant case, the motion to dismiss will be treated as a motion for summary judgment because McNeil had actual notice that defendant had moved, in the alternative, for summary judgment and plaintiff responded with additional argument, although no additional factual material was provided.
Summary judgment shall be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Corrections, 390 Mass. 419, 422 (1983). The moving parly bears the burden of demonstrating affirmatively the absence of a triable issue and of showing that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as the material before the court satisfies the standard for summary judgment. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 713-14 (1991). Further, the court should declare the rights of the parties in a declaratory judgment action, even on a motion for summary judgment. 143 Dundas Corp. v. Chemical Bank, 400 Mass. 588, 589 n.4 (1987).
The summary judgment record in this case consists of the complaint and attachments and includes copies of the regulation and statute at issue. Plaintiff has not responded to defendant’s motion with additional factual material and has not asserted that there is a disputed issue of material fact. Rather, plaintiff seeks a declaration of rights based upon the facts as alleged in his complaint.
II. Commissioner Did Not Abuse His Discretion
Plaintiffs complaint for declaratory judgment argues that by limiting earned good time credit to two and one-half days per category per month, the defendant has frustrated the Legislature’s intent in enacting c. 127,§129D. Plaintiff states that the statute does not contain such a restriction and argues that promulgation of a regulation which does is an abuse of defendant’s authority.
Pursuant to the defendant’s authority under G.L.c. 124, §l(q) the Commissioner “. . . shall: make and promulgate necessary rules and regulations incident *688 to the exercise of his powers and the performance of his duties including, but not limited to, rules and regulations regarding .. . education, training, employment, care and custody for all persons committed to correctional facilities.”
General Laws c. 127, §129D provides: “. . . the commissioner may grant ... a further deduction of sentence of not more than two and one-half days per program or activity for each month while said prisoner is working ... or [in] school, on work-release or working in a prison industry, or partaking in any of the said programs or activities as aforesaid; provided that in no event shall said deductions exceed a maximum monthly total of seven and one-half days. [Emphasis supplied.]” The permissive authority to grant deductions in sentence for participation in authorized activities is just that — a discretionary authority, in the commissioner, to grant or deny deductions in sentence. By promulgating a regulation which categorizes the nature of programs into work, education/vocational, and other activities, the commissioner has merely exercised his discretionary authority to grant deductions according to a formulation which encourages participation in each category, rather than granting all deductions for participation in only a particular range of activities. This is neither an abuse of his discretionary authority nor the result of a strained interpretation of c. 127, §129D. The plain language of the statute does not require the commissioner to grant credit for each approved activity in which a prisoner participates.
III. Plaintiff Has No Constitutional Right to Earned Good Time Credit
Prisoners “ha[ve] no constitutional right to ‘good time’ deductions.” Jackson v. Hogan, 388 Mass. 376, 379 (1983) (analyzing the equal protection claim of a maximum security prisoner in a minimum security facility). “At best, [plaintiff] as of right shall be eligible to participate in programs available within correctional facilities, and may be selected and assigned to such programs according to procedures established by regulations.” Id. “Prisoners who satisfactorily participate in any of these programs may be granted deductions from their sentences.” Id.
Petitioner’s equal protection argument is without merit. There is no evidence that the statute applies differently to him than to others similarly situated. There is no suspect classification of persons, nor any disparate impact on different classes of prisoners.[3]
Viewing the pleadings and inferences which maybe drawn therefrom in the light most favorable to the plaintiff, I conclude that there is no genuine issue of fact for trial and that, as a matter of law, plaintiff has no right to earned good time credits not granted by the rules and regulations promulgated by the Commissioner of Corrections.
ORDER AND DECLARATION
Based upon the foregoing, defendant’s motion for summary judgment is ALLOWED. It is hereby declared that the defendant did not abuse his discretion in promulgating 103 CMR 411.09 (1990), that defendant’s interpretation of c. 127, §129D was not erroneous and is consistent with the plain meaning of the statute, and that plaintiff has no constitutional right, under any of the theories herein asserted, to earned good time credit in excess of that allowable under 103 CMR 411.09(1) (1990).

 Plaintiff s initial complaint sought preliminary injunctive relief which relief was denied by this Court (Spurlock, J.) on June 14, 1993.

 103 CMR 411.09: Deductions From Sentence
(1) M.G.L.c. 127, §129D (Earned Good Time)
(a) In total, an inmate, for his satisfactory performance of an approved employment, educational or vocational training program or activity, may receive deductions from sentence of not more than seven and one half days a month. Such deductions shall be granted in the following manner:
1. Employment programs: Deductions totalling not more than two and one-half days a month may be granted to an inmate who is involved in one or more approved work programs.
2. Education and Vocation Training Programs: Deductions totalling not more than two and one-half days a month may be granted to an inmate who is involved in one or more approved educational/vocational training programs.
3. Activities: Deductions totalling not more than two and one-half days a month may be granted to an inmate who is involved in one or more approved activities.

This Court recognizes that “[a] regulation creates a constitutionally protected liberty interest when it uses ‘language of an unmistakably mandatory character, requiring that certain procedures ’’shall,” “will,” or “must” be employed.’ “ Matthews v. Rakiey, 38 Mass.App.Ct. 490, 495 (1995), quoting Hewitt v. Heims, 459 U.S. 460, 471 (1983). It is not necessary to reach this issue, however, as the statute in question is clearly discretionary.