## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Deborah Maher

v.

Gary Alcon

August 16, 1996

Case No. CH96-508

By Judge Edward W. Hanson, Jr.

This is an appeal from a January 24, 1996, order of the Virginia Beach Juvenile and Domestic Relations District Court dismissing a petition for determination of paternity and child support. The following facts are relevant and undisputed. Appellant, Deborah Maher, was married to Joseph Wozniak on August 30, 1982. During that marriage, two children were born to petitioner, one of whom is the subject of this appeal. In 1990, appellant filed for divorce in the Norfolk Circuit Court. At the hearing before the divorce commissioner, appellant testified that there were two children "born during the marriage." The final decree of divorce, entered December 19, 1990, contained the factual finding that "there were two children born of the marriage between the parties." The defendant in the divorce action, Joseph Wozniak, was not personally before the court, having been served by Order of Publication. Appellant now claims that the respondent in this action, Gary Alcon, is the father of the child and seeks a determination of paternity and an order of child support.

Respondent argues that appellant is barred from seeking child support from him by the determination in the 1990 divorce decree that Joseph Wozniak is the father of this child. The Virginia Beach Juvenile and Domestic Relations District Court (Ronald H. Marks, Judge) dismissed appellant's petition for child support, ruling: "Since paternity was established in the divorce decree, the herein matter is dismissed, as matter is *res judicata*." The order went on to provide: "However, since the children had no G.A.L., this decision is not binding on the children."

In order for the divorce decree to constitute *res judicata*, the divorce action and this petition for child support must be identical causes of action seeking the same remedy and, more importantly, respondent must have been a party to the divorce action. "A person seeking to assert *res judicata* as a defense must establish: (1) identity of the remedies sought; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the quality of the persons for or against whom the claim is made." *Commonwealth ex rel. Gray v. Johnson*, 7 Va. App. 614, 618 (1989).

It is likely that the juvenile court used the term *res judicata* broadly and actually based its ruling on the doctrine of collateral estoppel. Collateral estoppel is a form of *res judicata* that does not require that the two actions be identical, but precludes the relitigation of a factual issue that was actually litigated in the first action. "The doctrine of collateral estoppel provides that parties to an action and their privies are precluded from litigating in a subsequent action 'any issue of fact actually litigated and essential to a valid and final personal judgment in the first action'." *Dunbar v. Hogan*, 16 Va. App. 653, 658 (1993), quoting *Slagle v. Slagle*, 11 Va. App. 341, 344 (1990).

It is clear that neither the doctrine of *res judicata* nor the doctrine of collateral estoppel are available as defenses to this action. The respondent in this action was not a party to the first action, nor can the court find any basis for declaring respondent and petitioner's ex-husband to be "privies." This ruling is supported by the similar case of *Shelton v. An Infant*, 12 Va. App. 859, 861 (1991). In that case involving a petition for child support, the Court of Appeals noted that the putative father was not a party to an earlier divorce action wherein the mother's former husband was found to be the father of the subject child. Therefore, the court noted that "he has no standing to claim benefits under the . . . divorce decree." *Id.* at 861.

This appeal raises the additional question of whether the lack of personal jurisdiction over the husband in the divorce action renders invalid the determination of paternity in the divorce decree. Because this court holds that this respondent lacks standing to raise the defenses of *res judicata* and collateral estoppel, that issue will not be addressed.

Respondent noted his appeal of the second paragraph of the juvenile court order, which provides that the child is not bound by the decision dismissing the petition for child support. Respondent argues that the child should not be permitted to file a petition for child support and should be bound by the determination of paternity in the divorce decree. The cases of *Shelton v. An Infant, supra,* and *Commonwealth ex rel. Gray v. Johnson*, 7

Va. App. 614 (1989), are directly on point. For the reasons set forth in those cases, this court finds that the subject child is not bound by the finding of paternity in the divorce decree.

The January 24, 1996, order of the Juvenile and Domestic Relations District Court is affirmed in part and reversed in part. Paragraph (1) of the order, dismissing appellant's petition on the grounds of *res judicata*, is reversed. Paragraph (2), holding that the child is not bound by the ruling, is affirmed. Mr. Ege is asked to submit a properly endorsed order reflecting the above ruling and remanding this matter to Juvenile and Domestic Relations District Court for further proceedings consistent herewith.