Muse, Christopher J., J.
This action arises out of a motor vehicle accident involving the plaintiff, Vera M. Daly (“the plaintiff’), and co-defendants Janet M. Francis (“Francis”) and Alex M. Tomkunas (‘Tomkunas”). Tomkunas has brought a cross claim against Francis for negligence. Francis moves to dismiss Tomkunas’ cross claim under Mass.RCiv.P. 12(b)(9), arguing that it is barred by res judicata. For the following reasons, Francis’ Motion to Dismiss is ALLOWED.

BACKGROUND

The plaintiff brought the present action (“the Daly action”) claiming that on December 8, 2006, she was injured in motor vehicle accident involving Francis and Tomkunas. The plaintiff alleges the accident occurred while she was riding as a passenger in a vehicle Tomkunas was driving. Francis was driving the vehicle that collided with them.
On December 18, 2009 — after the plaintiff had filed the Daly action — Tomkunas filed a complaint against Francis in Orleans District Court (“the Orleans action”). In his complaint, Tomkunas alleged he suffered injuries due to Francis’ negligence in the motor vehicle accident. Francis moved to dismiss Tomkunas’ complaint under Mass.RCiv.P. 12(b)(6) arguing that it was not filed within the statute of limitations. The Orleans District Court agreed with Francis, and on January 27, 2010, dismissed Tomkunas’ complaint with prejudice under Mass.RCiv.P. 12(b)(6) (“the Orleans Order”).
Following the Orleans Order, Tomkunas filed a cross claim in the Daly action asserting that Francis’ negligence in the motor vehicle accident caused him to suffer injuries. Francis now moves to dismiss Tomkunas’ cross claim arguing it is barred by res judicata. According to Francis, the Orleans Order was a final judgment on the merits of the negligence claim, and where Tomkunas’ cross claim involves the same cause of action and parties as those involved in the Orleans action, res judicata bars the cross claim. Tomkunas disagrees, arguing that res judicata does not apply and the Orleans Order does not have a preclusive effect on his cross claim.

DISCUSSION

Under Mass.RCiv.P. 12(b)(9), a court may allow a motion to dismiss based on the “pendency of a prior action in a court of the Commonwealth.” The rule codifies the well-established rules against claim-splitting and claim preclusion. Keen v. Western New England Coll., 23 Mass.App.Ct. 84, 87 (1986). Dismissal under Mass.R.Civ.P. 12(b)(9) is proper where the prior action involves the same parties, and all issues raised in the present action are or could be raised in the prior action, either as affirmative claims or as defenses. See Conant v. Kantrovitz, 29 Mass.App.Ct. 989, 999 (1990); Yentile v. Howland, 26 Mass.App.Ct. 214, 216 (1988).
Francis argues that Tomkunas’ cross claim is barred by Mass.RCiv.P. 12(b)(9) and res judicata which “makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been adjudicated in the action.” Jarosz v. Palmer, 436 Mass. 526, 533-34 n.3 (2002), citations omitted. Res judicata and Mass.R.Civ.P. 12(b)(9) arise from the presumption that “a claimant has had an opportunity to assert his claims against a given defendant, and either has failed to assert those claims, or has asserted the claims and had them adjudicated adversely.” Day v. Kerkorian, 61 Mass.App.Ct. 804, 811 (2004). Res judicata applies if (1) the party against whom estoppel is asserted was a party or in privity with a party in the prior adjudication, (2) the issue or cause of action in the prior adjudication is identical to that in the current adjudication, and (3) there was a final judgment on the merits in the prior adjudication. TLT Constr. Corp. v. A. Anthony Tappe and Assocs., Inc., 48 Mass.App.Ct. 1, 4 (1999), citations omitted; Gloucester Marine Rys. Corp. v. Charles Parisi, Inc., 36 Mass.App.Ct. 386, 390 (1994).

A. Application of Res Judicata

First, it is clear that Francis and Tomkunas are parties in both the Orleans and the Daly actions. Second, it is clear that Tomkunas’ present cross claim *338 for negligence is identical to the negligence cause of action he asserted in the Orleans action. The parties dispute, however, whether the Orleans Order dismissing Tomkunas’ negligence complaint was a final judgment on the merits where it was based on the statute of limitations.
Massachusetts courts have held that dismissal of an action based on the statute of limitations is considered “sufficiently on the merits” to bar subsequent litigation of that claim under the doctrine of claim preclusion.[2] TLT Constr. Corp., 48 Mass.App.Ct. at 10 n.8, citations omitted; see also Nazzaro v. Richard O’Neil Jr. & Assocs., PC, 2010 LEXIS 19, at *4 (Mass.App.Ct. 2010) (unpublished decision pursuant to 1:28) (dismissal of complaint under Mass.R.Civ.P. 12(b)(6) based on statute of limitations was dismissal “on the merits” for purposes of res judicata). Moreover, this court is not aware of any precedent suggesting that a Mass.R.Civ.P. 12(b)(6) dismissal based on the statute of limitations is not a final judgment on the merits. This court therefore rules that the Orleans Order was a final judgment on the merits for the purposes of res judicata.[3] Accordingly, Mass.R.Civ.P. 12(b)(9) and res judicata preclude Tomkunas from asserting his negligence cross claim.

B. Res Judicata in the Context of a Cross Claim

Arguing that res judicata does not apply to his negligence cross claim, Tomkunas intimates that res judicata does not apply to cross claims. However, this court is not aware of any case law under which a claim is exempt from res judicata simply because it is raised as a cross claim. This court rules that the Orleans Order has a preclusive effect which extends to cross claims.
The principles underlying res judicata further support this court’s conclusion that res judicata applies to cross claims filed in a separate action. Res judicata makes a final valid judgment in a prior action conclusive, and bars “further litigation of all matters that were or should have been adjudicated in the prior action.” TLT Constr. Corp., 48 Mass.App.Ct. at 4, citations omitted, emphasis added; see also Boyd v. Jamaica Plain Co-Operative Bank, 7 Mass.App.Ct. 153, 163 (1979) (entry of valid final judgment extinguishes all rights and remedies arising from the transaction and precludes subsequent claims even if based on new evidence, ground or case theory). Tomkunas’ claim concerning Francis’ negligence in the motor vehicle accident is a matter that was litigated and adjudicated in the Orleans action. Allowing Tomkunas to assert his negligence cross claim in the context of the Daly action would constitute “further litigation” of a matter already litigated and adjudicated.
Thus, the issues of fact and/or law that Tomkunas raises in his cross claim concern matters already litigated and adjudicated in the Orleans action. See Jacoby v. Babcock Artificial Kidney Ctr., Inc., 364 Mass. 561, 564 (1974). Tomkunas’ cross claim is therefore barred under res judicata and subject to dismissal under Mass.R.Civ.P. 12(b)(9).

ORDER

For the reasons stated herein, it is hereby ORDERED that Francis’ Motion to Dismiss Tomkunas’ Cross claim be ALLOWED.

 This court acknowledges that there is limited case law directly on this point.

 This court also rules that the Orleans Order was a final judgment on the merits as Tomkunas’ negligence complaint was dismissed “with prejudice.” See St. Louis v. Baystate Med. Ctr., Inc., 30 Mass.App.Ct. 393, 399 (1991) (claim dismissed with prejudice is a valid and final judgment on the merits for the purposes of res judicata).