The plaintiff (mother) and the defendant (father), unmarried parents of a child born of a brief relationship, bring cross appeals challenging the child support provisions of an amended judgment of the Probate and Family Court entered on November 22, 2016, after a four-day bench trial. We affirm.
Background. In a judgment entered August 23, 2016, the judge determined that the defendant was the father, granted sole custody to the mother, and ordered the father to pay child support. The judge also issued findings of fact, conclusions of law, and a rationale in support of the judgment. The judge determined that the father's weekly income was $3,436,[2] yielding a payment of $554 per week under the Massachusetts Child Support Guidelines (2013) (Guidelines). However, because the father sought no parenting time, the judge, as permitted by the Guidelines, made an upward adjustment in the father's child support obligation by ten percent, to $609 per week.[3] In addition, finding that the father's income varied from year to year, and that the child was entitled to share in the higher standard of living of the father as the noncustodial parent, the judge ordered that ten percent of "any bonus over $20,000 per year, commission, distribution or other earned or business income," be paid as child support.[4]
On the father's unopposed motion to amend the judgment to reduce (pursuant to an earlier stipulation) the period of retroactive child support, an amended judgment and amended rationale dated October 18, 2016, were entered on October 24, 2016.[5] The mother and the father cross-appealed.
Discussion. 1. Mother's appeal. a. Income. We review the judge's determination of income for child support purposes under the abuse of discretion standard. See Casey v. Casey, 79 Mass. App. Ct. 623, 634 (2011). "Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of witnesses." J.S. v. C.C., 454 Mass. 652, 657 (2009), quoting from Mason v. Coleman, 447 Mass. 177, 186 (2006). See Dennis v. Dennis, 29 Mass. App. Ct. 161, 165 (1990).
The mother contends that the judge should have imputed more income to the father in calculating child support. In her brief, however, she fails to specify any finding that she claims was clearly erroneous, or any particular category of income that was properly before the judge and that should have been imputed,[6] or any error of law or abuse of discretion.[7] Moreover, as the mother conceded at oral argument, by requiring that the father pay ten percent of any future bonus or other additional income in excess of $20,000 per year, the judge provided the child with additional support in those years when the father's income may be higher. Accordingly, we see no abuse of discretion or other error.
b. Retroactivity of child support. The mother asserts that the judge abused her discretion in allowing the father's motion to amend the judgment to reduce, based on the parties' earlier stipulation, the period for which retroactive child support was due. But the mother failed to oppose this motion and has therefore waived this issue.[8] In any event, the mother's short appellate argument on the issue has not demonstrated any abuse of discretion in the judge's explanation for the amendment.
c. Discovery order. The mother argues that the judge abused her discretion in allowing the father's motion to quash a subpoena duces tecum served upon the father's accountant. The subpoena was served shortly before trial, over two months after the pretrial order provided that "discovery is completed" and that "except for rebuttal witnesses and for good cause shown, only the parties may testify at trial." In quashing the subpoena, the judge agreed with the father that the subpoena was an improper effort to conduct discovery on the eve of trial.
On appeal, the mother argues that "[t]he timing of the subpoena was motivated by concern that advance notice to the [f]ather would enable him to take steps to further conceal information as he had throughout discovery." The mother did not make this argument to the judge, however, and therefore it is waived.[9] Moreover, "[t]he extensive discretion of trial judges with respect to both the process of discovery and the admission of evidence" is well established. See Beaupre v. Cliff Smith & Assocs., 50 Mass. App. Ct. 480, 485 (2000). There is nothing in the record here showing that the judge abused that discretion.[10]
2. Father's appeal. In his cross appeal, the father argues that the judge applied an improper "arbitrary, percentage-driven" standard, unlinked to the child's needs, when she ordered additional support of ten percent of "any bonus over $20,000 per year, commission, distribution or other earned or business income." We disagree.
"Of particular relevance to the issues before us are the principles that responsibility for child support should be calculated 'in proportion to, or as a percentage of,' income, and that, where one parent has a higher standard of living, a child is entitled to enjoy that higher standard." M.C. v. T.K., 463 Mass. 226, 234 (2012), quoting from Massachusetts Child Support Guidelines, Preamble (2006). Under the Guidelines, "children's needs are to be defined, at least in part, by their parents' standard of living and ... children are entitled to participate in the noncustodial parent's higher standard of living when available resources permit." Brooks v. Piela, 61 Mass. App. Ct. 731, 737 (2004).
Here, the evidence demonstrated that the father earned a significant income, the "bonus" portion of which, based on the father's reporting, was subject to substantial annual variations. In 2014, his bonus was $237,181 (equal to $4,561 per week), but for 2015 (the last full year before trial) he reported bonuses equal to either $192 per week or $288 per week; the judge found that he offered no credible explanation for the discrepancy. In early 2016, he reported receiving quarterly bonuses of $5,000 for the preceding year, or $20,000 annually, and stated his expectation of receiving a $5,000 bonus for the first quarter of 2016. Accordingly, the judge assumed a $20,000 annual bonus (equal to $384.61 weekly) for purposes of calculating his weekly income and the resulting child support award; but recognized that the bonus or additional income from other sources might well exceed that amount.
Additionally, the judge determined that the father's statements about his income and expenses were "not reliable, contain[ed] many inaccuracies, and reflect[ed] significant omissions." Quoting from Crowe v. Fong, 45 Mass. App. Ct. 673, 682 (1998), the judge concluded that the father's statements were "fraught with deception in an attempt to hide from the [c]ourt his net worth and his ability to pay for the support of his ... child[ ]."
"Income" is defined very broadly to include "income from whatever source," including "bonuses" and twenty-six other itemized categories of income, as well as "any other form of income or compensation not specifically itemized." See Guidelines § I-A. The judge had broad discretion in determining income. See Casey v. Casey, 79 Mass. App. Ct. at 634. Accordingly, and in light of the uncertainties attributable to the father, the judge did not abuse her discretion when she considered the likely future income of the father in excess of his current income, and required payment of ten percent of that excess amount as child support.
The father nevertheless asserts that the judge must have based this requirement on the provision of the Guidelines allowing deviation from the presumptive award where "application of the guidelines would result in a gross disparity in the standard of living between the two households such that one household is left with an unreasonably low percentage of the combined available income." Guidelines § IV, circumstance (6). The father then notes that the judge did not make the specific written findings required by § IV to support such a deviation.
We reject the father's premise. Nowhere in her findings, conclusions, or rationale did the judge refer to any gross disparity between the father's and mother's household living standards, or to any cause for deviation from the application of the Guidelines. Rather, the judge merely recognized that the father was likely to earn more income in future years than he had reported or than could be accurately predicted at the time of trial, and that, in accordance with Guidelines principles, an appropriate percentage of that income should be paid as child support.[11]
The father also argues that the judge should have focused on what was "a reasonable award in light of [the child's] needs," and that the percentage provision ignores that consideration. As support, the father relies on J.C. v. E.M., 36 Mass. App. Ct. 446 (1994), a decision where the noncustodial parent's income was high enough that the "guidelines [did] not apply," id. at 450 ; Cooper v. Cooper, 62 Mass. App. Ct. 130 (2004), a decision applying to "circumstances ... falling far outside of the Massachusetts Child Support Guidelines," ids="1221118" index="12" url="https://cite.case.law/mass-app-ct/62/130/">id. at 135 ; and Bush v. Bush, 402 Mass. 406 (1988), a decision concerning a request to modify the child support provision of a divorce judgment based on changed circumstances, and where the Massachusetts Child Support Guidelines were not even mentioned, see ids="820872" index="14" url="https://cite.case.law/mass/402/406/">id. at 409-410. None of those decisions is relevant to this case, which is governed by, and which we conclude the judge decided in accordance with, the Guidelines.
Conclusion. The amended judgment dated October 18, 2016, is affirmed.
So ordered.
Affirmed.

Comprising $2,543.27 base salary, a $384.61 bonus (based on assumed $20,000 annual bonus income), and $508 in regular payments received from the father's brother.

In making the adjustment, the judge relied on Guidelines § II-D ("If parenting time is less than one-third for the parent who is not the residential parent, the Court may consider an upward adjustment to the amount provided under the child support guidelines"). The father does not challenge this adjustment on appeal.

Finding that the mother was working to improve her career prospects by attending college full time, while also caring for the child, the judge declined to either attribute income to the mother or to find her unemployed or underemployed.

For reasons unclear from the record, perhaps due to a clerical mistake, the identical amended judgment dated October 18, 2016, was entered on the docket again on November 22, 2016.

At oral argument, the mother claimed, based on two 2015 letters reflecting distributions to the father from the Vertical Flank investment fund, that the judge erred in failing to impute additional, future income to the father from that fund. Although the judge discredited the father's testimony regarding Vertical Flank, the judge also found that "no additional evidence was presented at trial upon which the Court can base a finding that [he] continues to have an interest in this entity." Having reviewed the two letters, the later of which stated that the father had been paid back his full original capital investment plus a fifteen percent return, we cannot say that the judge's finding was clearly erroneous.

At oral argument, the mother challenged as clearly erroneous the judge's finding crediting the father's testimony that he no longer owned horses and had not shown horses since September, 2015. But the judge so found in part because the "[m]other did not present any reliable evidence to the contrary." The mother points to no contrary evidence in the record; her claim in her brief that the father realized $36,000 from the sale of a horse in December, 2015, has no record support. We will not disturb the judge's credibility findings. See J.S., 454 Mass. at 657.

After the judge allowed the father's motion and an amended judgment issued, the mother moved to "[f]urther [a]mend [a]nd [c]orrect" the judgment to reinstate the prior retroactivity period. The judge denied that motion, and the mother does not challenge or even mention that action on appeal.

What the mother argued is that she wanted the accountant to testify and his records to be considered as a part of the mother's case in rebuttal. The judge agreed to consider that request and accepted the records in an envelope to be opened only if rebuttal was necessary after the father's case. Ultimately the father did not put on a case-he was called by the mother as her first witness-and the mother did not renew her request for the records to be considered as "rebuttal" evidence.

The mother also argued to the judge that she had no choice but to subpoena the accountant's records for trial because her previous discovery requests were unsuccessful and her motions to compel were denied. But she has not included those discovery requests or motions in the record appendix, making it impossible for us to determine what records she sought, and from whom, during discovery. Nor has she challenged on appeal the judge's orders denying the motions to compel, one of which orders nevertheless required the father to produce verification for all income received in 2015 from all sources. Thus the limited information in the record about the history of the mother's discovery efforts does not persuade us that the judge abused her discretion in quashing the subpoena to the accountant.

There is no merit to the father's claim that the ten percent figure is arbitrary and unfair to him. The marginal rate of support at the father's weekly income of $3,436 is, under the Guidelines, twelve percent. The marginal rate in the top income bracket is eleven percent. Thus, the judge's use of a marginal rate of ten percent for any additional bonus income is similar to and slightly below the rates for his income bracket and the top bracket. We see no abuse of discretion. Of course, a change in circumstances could provide the basis for a complaint for modification of the judgment, either to decrease or increase the amount of support. G. L. c. 209C, § 20 ; Doe v. Roe, 32 Mass. App. Ct. 63, 66 (1992).