DONALD FUGERE *vs*. BARBARA ANN FUGERE.

Franklin. September 16, 1987. — September 30, 1987.

Present: GREANEY, C.J., BROWN, & SMITH, JJ.

*Divorce and Separation*, Modification of judgment, Attorney's fees. *Attorney at Law*, Compensation.

On appeal from a modification judgment reducing the amount of a husband's alimony and support obligations to his former wife, it was held that the judge's findings were insufficient to support his conclusion that there had been a material change of circumstances since entry of the original judgment where, although the parties' youngest child had become emancipated and the wife's income had been modestly increased through part-time employment, her expenses had so increased that she would be unable to satisfy her basic needs on the income provided under the terms of the modification judgment supplemented by her additional income, and where the husband's improved financial position enabled him to pay support in the amount provided in the original judgment. [759-761]

Where a wife prevailed on appeal from a modification judgment reducing the amount of her former husband's alimony and support obligations to her, this court remanded the case for reconsideration of the question whether the husband should be ordered to pay all or a part of the wife's attorney's fees. [761-762]

COMPLAINT for divorce filed in the Franklin Division of the Probate and Family Court Department on February 23, 1983.

A complaint for modification, filed on September 12, 1985, was heard by *Arthur G. Coffey*, J.

*Diane H. Esser* for the defendant.

BROWN, J. This is an appeal by a wife from a modification judgment of the Probate and Family Court. The wife claims that the husband failed to sustain his burden of demonstrating a material change in the parties' circumstances and, therefore, that it was error for the judge to reduce the husband's support obligation from $200 per week to $160 per week. She also claims that the judge should have allowed her reasonable

attorney's fees incurred as a result of the husband's modification action. For the reasons set forth, we reverse so much of the judgment as modifies the support order, and remand for reconsideration of the question of counsel fees.[1]

The judgment of divorce nisi, which was entered in March, 1984,[2] contained a provision ordering the husband to pay the wife $200 per week as unallocated alimony and child support.[3] At the time of the divorce hearing, the wife had no employment outside the home and had a total income of $270 per week.[4] Her needs amounted to $236.59 per week, and her liabilities were minimal. The husband, on the other hand, had a base salary of approximately $575 per week ($634 per week with overtime) and living expenses of $257.79 per week.

At the time of the modification hearing (1986), the parties' child, David, had been emancipated. The wife was employed part time at a salary of $80 per week (gross) and also received, in addition to the $200 per week support award, intermittent income of $40 per week from a child who resided with her. The wife's expenses amounted to $317.61 per week, and her liabilities amounted to $5,598.61. In 1986, the husband's base salary (without overtime) had risen to $623 per week, and his basic living expenses had decreased by approximately 58% to $149.54 per week.

"To be successful in an action to modify a judgment for alimony or child support, the petitioner must demonstrate a material change of circumstances since the entry of the earlier judgment." *Schuler* v. *Schuler*, 382 Mass. 366, 368 (1981). *Harris* v. *Harris*, 23 Mass. App. Ct. 931, 932 (1986). See also

---

[1] On appeal, the wife does not argue that the judge erred in ordering that the husband be relieved of maintaining health insurance for their son David or of paying his uninsured medical, dental, or pharmaceutical expenses; nor does she argue that the judge erred in ordering that the husband no longer be required to pay support for David.

[2] That judgment was affirmed by this court. See *Fugere* v. *Fugere*, 19 Mass. App. Ct. 1106 (1985).

[3] At that time David was nineteen years old and a student.

[4] The wife received $200 per week as temporary support and $70 per week from two other children (both emancipated) who resided with her.

*Anthony* v. *Anthony*, 21 Mass. App. Ct. 299, 303 (1985).[5] The change may be in the needs or the resources of the parties, *Pagar* v. *Pagar*, 9 Mass. App. Ct. 1, 2 (1980); *Harris* v. *Harris, supra* at 932, or in their respective incomes. See *Winternitz* v. *Winternitz*, 19 Mass. App. Ct. 228, 232-233 (1985). "The determination of the extent and palpability of such change, however, lies in large measure within the discretion of the trial judge." *Heistand* v. *Heistand*, 384 Mass. 20, 26 (1981). As the Supreme Judicial Court further stated, "There is no inflexible rule constraining the judge's deliberation of the equities of a modification petition . . . . The balance may shift according to the facts of each case." *Id.* at 27.

In the instant matter, two factors could provide some support for the judge's conclusion that there had been a material change in the parties' circumstances — the emancipation of David,[6] see, e.g., *Hyland* v. *Hyland*, 7 Mass. App. Ct. 911 (1979); *Kennedy* v. *Kennedy*, 17 Mass. App. Ct. 308, 314 n.9 (1983), and the wife's additional income through part-time employment. See *Winternitz* v. *Winternitz, supra* at 232-233. Balanced against those factors, however, are the increase in the husband's base salary and a dramatic decrease in his basic needs and the wife's higher expenses and increased liabilities. See *Mead* v. *Mead*, 2 Mass. App. Ct. 338, 340 (1974); *Kennedy* v. *Kennedy*, 17 Mass. App. Ct. at 314 n.9, and cases cited therein. Contrast *Hyland* v. *Hyland, supra* at 911.

In the circumstances presented here, we do not view the combination of the emancipation of David and the wife's modest employment income as constituting a change in the parties' circumstances which would warrant a downward modification of the support provision of the judgment nisi. The fundamental

_____

[5] The wife's reliance on the word "profound" in *Anthony*, 21 Mass. App. Ct. at 306, is off the mark. That case makes clear that the crucial inquiry in a modification action is whether "a material change of circumstances occurred since entry of the original judgment." *Id.* at 303.

[6] The judge indicated in his findings that the emancipation of David (who was provided for in the 1984 unallocated alimony and child support award) was the sole factor upon which he relied in determining that there had been a change of circumstances.

purpose of alimony is to provide economic support to the dependent spouse, *Gottsegen* v. *Gottsegen*, 397 Mass. 617, 623 (1986), and "[t]he focus of any financial award must include 'the crucial issue in an alimony dispute, namely the [spouse's] need for support and maintenance in relationship to the respective financial circumstances of the parties." *Id.* at 623-624, quoting from *Grubert* v. *Grubert*, 20 Mass. App. Ct. 811, 819 (1985), and *Partridge* v. *Partridge*, 14 Mass. App. Ct. 918, 919 (1982). In the instant matter, although the judge expressly found that the wife's expenses had increased[7] and were approximately $317 per week, she would receive (under the terms of the modification judgment supplemented by her income from other sources) between $240 per week and $280 per week.[8] It is apparent that she will not be able to satisfy her basic needs. In contrast, the husband's financial position has improved, and it is evident that he has the ability to pay support in the amount ordered by the judge in 1984. The present case is distinguishable from *Winternitz* v. *Winternitz, supra,* where we held that a downward modification of support was warranted because of the emancipation of a child *and* the wife's substantial inheritance and increased income.

In light of the decision we reach concerning the support issue, we remand for reconsideration the question whether the husband should be ordered to pay all or a part of the wife's attorney's fees. See *Robbins* v. *Robbins*, 19 Mass. App. Ct. 538, 543-544 (1985). In deciding the question of attorney's fees, the relative financial capacities of the parties are, of

---

[7] There is nothing in the judge's findings to indicate that the wife's needs were excessive or unreasonable. Nor is there anything to indicate that her liabilities arose from extravagant or improvident expenditures. Indeed, the wife's needs may be somewhat greater as her ongoing payment of her 1985 income tax liabilities is not reflected on her financial statement.

[8] At the modification hearing the husband offered no evidence that the wife was capable of working full time or at a more remunerative position. In fact, at the time of the divorce hearing in 1984, the judge found that the wife's health was poor because she suffered from diabetes and narrowing or hardening of the arteries, that her "only vocational skills revolve around being a homemaker" and that her employability "would be centered only around [*sic*] very light work."

course, factors which should be considered. See *Hano* v. *Hano*, 5 Mass. App. Ct. 639, 642 (1977). See also *Robbins* v. *Robbins*, 19 Mass. App. Ct. at 544 n.11.

So much of the judgment as (1) orders the plaintiff to pay to the defendant, as alimony, $160 per week and (2) orders the parties to pay for their own attorneys' fees is reversed, and the matter is remanded to the Probate Court. The judge is directed to enter a new order requiring the plaintiff to pay, as alimony, $200 per week to the defendant. The question of counsel fees is to be reconsidered, and, if appropriate, a new order is to enter thereon. In all other respects, the modification judgment is affirmed. Counsel fees on appeal are to be in the discretion of the Probate Court.

*So ordered.*