STERLING C. BUSH *vs.* VIRGINIA V. BUSH.

Barnstable. February 2, 1988. — May 16, 1988.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, & O'CONNOR, JJ.

*Divorce and Separation*, Division of property, Alimony, Child support, Modification of judgment. *Parent and Child*, Support of incompetent person.

A divorced husband, seeking a transfer of the equity in the marital home, held since the divorce judgment in a joint tenancy subject to the husband's right of occupancy, to a trust for the future support and benefit of the parties' minor retarded child living with the husband, did not demonstrate that the child's needs or the parties' circumstances had undergone a "material and substantial change" to warrant a modification of the divorce judgment pursuant to G. L. c. 208, § 28. [409-410]

The record at a hearing on a divorced husband's complaint for modification of the divorce judgment to reduce alimony payments supported the judge's conclusion that a decrease in the former wife's living expenses was not a material change in circumstances requiring modification of the original alimony award. [411-412]

COMPLAINT for divorce filed in the Barnstable Division of the Probate and Family Court Department on December 10, 1982.

A complaint for modification, filed on September 24, 1985, was heard by *John V. Harvey*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Matthew H. Feinberg* for the plaintiff.

*David W. Pyne (Michael S. Avratin* with him) for the defendant.

ABRAMS, J. The plaintiff, Sterling C. Bush, sought modification of a 1983 divorce judgment. The plaintiff's complaint, as amended, sought sole legal custody of R.B., the parties' minor retarded son, a transfer of the equity in the marital home, held since the divorce in joint tenancy subject to the plaintiff's

right of occupancy, to a trust for the benefit of the minor retarded son, and the elimination of the plaintiff's alimony obligation.[1] The probate judge granted the plaintiff's request for sole legal custody but refused to order the defendant, Virginia V. Bush, to transfer her share of the equity in the marital home to a trust for R.B.'s benefit, and concluded that there was no material change in circumstances requiring modification or elimination of the alimony payment. The plaintiff appeals. We transferred the case to this court on our own motion. We affirm.

Sterling and Virginia Bush were divorced pursuant to a judgment nisi entered on August 26, 1983, in the Barnstable Division of the Probate and Family Court. The judgment became final on February 27, 1984. At the time of the divorce, the plaintiff was sixty-nine years of age; the defendant was forty-one years of age. The original judgment required in part that the plaintiff pay the defendant alimony of $1,290 per month, and that the family home be placed in a joint tenancy. The judgment granted the husband and wife joint legal custody of their minor son, R.B. The judge granted physical custody of R.B. to the plaintiff, subject to visitation rights by the defendant. The plaintiff and the minor son live in the marital home.

At the time of the parties' divorce, the defendant resided on Cape Cod. She was not employed outside the home. The defendant remained on Cape Cod until January, 1985, when she moved to Duluth, Minnesota. The defendant remained in Duluth until April, 1985, at which time she returned to Cape Cod. She remained on Cape Cod until mid-May. She returned to Duluth and remained until July. She then returned to Cape Cod where she stayed until the end of July, 1985. Thereafter, she returned to Duluth where she currently resides.

In October, 1985, the defendant purchased a house with M.C., a man with whom she cohabits. The defendant contributed $2,500 toward the purchase price of the property; M.C.

---

[1] The defendant filed a counterclaim to plaintiff's complaint for modification. The defendant sought sole legal custody of R.B. and an increase in alimony to $1,600 per month. The judge denied relief on the counterclaim. The defendant did not appeal.

contributed $14,000. The house cost approximately $63,000. The defendant and M.C. own the property as joint tenants and are equally responsible for mortgage payments. The defendant and M.C. share a common bedroom and the duties of a common household.

At the time the modification was sought, R.B. was fourteen years of age. The judge found that, in the two years prior to the modification judgment, the defendant had visited her son only six times and that there had been periods of five to six months during which she did not see him at all. The judge found that circumstances relating to the custody of R.B. had changed materially since the original judgment. Accordingly, the judge awarded sole legal and physical custody of R.B. to the plaintiff, with reasonable visitation rights awarded to the defendant.

The judge denied the plaintiff's request that the court place the equity in the marital home in trust for the benefit of R.B. First, the judge found that the marital home had been subject to division pursuant to G. L. c. 208, § 34, at the time of the divorce, therefore, no further transfer could be ordered as part of the modification. Second, in his memorandum regarding the plaintiff's motion for reconsideration or to alter or amend judgment, the judge also concluded that, under G. L. c. 208, § 34, his discretion to assign property was limited to the divorcing parties, and that he did not have discretion under § 34 to assign marital property to children or to persons other than the divorcing parties.

At the time of the divorce, the defendant listed her living expenses as $727 per week. At the time of the modification proceeding, she listed her weekly expenses as $230.50. The defendant was not employed at the time of the divorce or at the time of the modification hearing. The judge concluded that, although the defendant's living expenses had decreased since the time of the divorce judgment, no reduction in alimony payments was warranted because the defendant's living expenses in 1983 far exceeded the alimony payments of $1,290 per month. The judge concluded that the defendant's circumstances had "not materially changed [so as] to warrant the

modification of the alimony award." Last, the judge recognized that, with respect to child support and alimony, the court's equitable power "permits revocation of judgments and their revision from time to time."

1. *The marital home.* The plaintiff seeks to have the equity in the marital home placed in trust for the benefit of the minor son in order to fulfil the parents' child support obligations.[2] The plaintiff contends that placing the home in trust is warranted by the evidence that R.B. may need institutionalization as he gets older,[3] eventually requiring full-time institutional care by the time he reaches twenty or twenty-one years of age. The plaintiff seeks to ensure that this care will be available to R.B. at that time.

General Laws c. 208, § 34 (1986 ed.), provides that, "[u]pon divorce or upon a complaint in an action brought at any time after a divorce, . . . the court may assign to either husband or wife all or any part of the estate of the other." The disposition of the Bushes' marital home was addressed as part of the judgment of divorce. The parties to a divorce may not relitigate the division of property that already has been the subject of a proceeding under G. L. c. 208, § 34. See *Hay* v. *Cloutier*, 389 Mass. 248, 252 (1983); *Davidson* v. *Davidson*, 19 Mass. App. Ct. 364, 367 (1985); *Maze* v. *Mihalovich*, 7 Mass. App. Ct. 323, 326 (1979). Further, "[t]he broad discretion of a judge under G. L. c. 208, § 34, to dispose of and assign property . . . extends by its own language only to assignment of property to the parties themselves, not to their children or any other nonparty." *Levine* v. *Levine*, 394 Mass. 749, 750 (1985).[4] In

---

[2] Currently, the defendant is not under any support order for R.B.

[3] The plaintiff presented expert testimony that R.B. would need daytime institutional care beginning in two to three years, and that, in the expert's opinion, he should be placed in full-time residential care by the time he is twenty or twenty-one years of age. The plaintiff said that full-time private residential care costs between $19,000 and $40,000 per year. Because this testimony was not central to the judge's disposition of this issue, the judge made no finding as to the credibility of this testimony.

[4] We note that one jurisdiction has upheld placing marital property in trust for the support of mentally handicapped children. See *Marriage of Wolfe*, 202 Mont. 454, 459 (1983). However, in that State, the statute

*Levine*, we left open the question whether a property assignment to a child is valid under G. L. c. 208, § 28, which authorizes the judge to provide for the care and maintenance of minor children in a divorce judgment.[5]

Assuming (without deciding) that the probate judge has the authority to order that the equity in the marital home be applied to the care and maintenance of minor children under G. L. c. 208, § 28, the plaintiff has failed to demonstrate that modification of the original judgment is warranted at this time. The statute specifically provides that, "[u]pon a complaint after a divorce, . . . the court may make a judgment modifying its earlier judgment as to the care, custody and maintenance of the minor children . . . *provided that the court finds that a material and substantial change in the circumstances of the parties has occurred* and the judgment of modification is necessary in the best interests of the children" (emphasis added). The plaintiff has not shown that R.B.'s current needs or the parties' circumstances have undergone a material and substantial change.[6] There is no error.

---

governing the allocation of marital property did not explicitly limit the property recipients to the divorcing parties. The statute provided: "In a proceeding, the court may protect and promote the best interests of the children by setting aside a portion of the jointly and separately held estates of the parties in a separate fund or trust for the support, maintenance, education, and general welfare of any minor, dependent, or incompetent children of the parties." *Id.*

[5] General Laws c. 208, § 28 (1986 ed.), provides: "Upon a judgment for divorce, the court may make such judgment as it considers expedient relative to the care, custody and maintenance of the minor children of the parties . . . ."

[6] We note that G. L. c. 208, § 28, applies only to minor children, therefore, if R.B. requires institutional care after he attains the age of majority, the plaintiff may not seek modification of the child support order pursuant to G. L. c. 208, § 28. *Feinberg* v. *Diamant*, 378 Mass. 131, 135-136 (1979). However, as we ruled in *Feinberg*, it is within the general equity powers of the Probate Court or within the judge's power to decide matters pertaining to guardianships to order a parent to support a mentally incapacitated child beyond the age of majority. *Id.* at 132, 136. In his findings, the judge recognized that he had general equitable power to revoke or periodically to modify a judgment as it pertains to child support and alimony payments.

2. *Alimony.* General Laws c. 208, § 37,[7] authorizes the Probate Court to modify judgments for alimony or child support at the request of either party. See *Surabian* v. *Surabian,* 362 Mass. 342, 348 (1972). However, modification of a judgment ordering the payment of alimony or child support requires that the petitioner demonstrate a material change in circumstances since the entry of the divorce judgment. *Gottsegen* v. *Gottsegen,* 397 Mass. 617, 625 (1986). *Heistand* v. *Heistand,* 384 Mass. 20, 26 (1981). *Schuler* v. *Schuler,* 382 Mass. 366, 368 (1981). *Verdone* v. *Verdone,* 346 Mass. 263, 265 (1963). In determining whether there has been a material change in the parties' circumstances, the probate judge must weigh the relevant circumstances; the resolution of the various factors rests with the judge's sound discretion. *Schuler, supra* at 370. *Heistand, supra* at 26. Unless there is no basis in the record for the judge's decision, we defer to the judge's evaluation of the evidence presented at trial. *Id.* at 27.

The judge found the defendant's employment prospects to be limited. The judge found that, at the time of the divorce judgment, the defendant's living expenses far exceeded the alimony award and that the decrease in living expenses therefore did not require a reduction in alimony payments.[8] The judge concluded that the decrease in the defendant's living

---

[7]General Laws c. 208, § 37 (1986 ed.), provides in part: "After a judgment for alimony or an annual allowance for the spouse or children, the court may, from time to time, upon the action for modification of either party, revise and alter its judgment relative to the amount of such alimony or annual allowance and the payment thereof, and may make any judgment relative thereto which it might have made in the original action."

[8]On October 14, 1986, the judge issued a "Memorandum Re: Motion for Reconsideration [or] to Alter or Amend Judgment." In this memorandum, the judge explicitly rejected the plaintiff's suggestion that, if the original alimony covered only a certain percentage of a recipient spouse's living expenses at the time of the divorce, then the amount of alimony payments should be decreased in proportion to the original deficit if the recipient spouse's living costs decrease. The plaintiff has not renewed this argument on appeal. It is therefore deemed waived. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 919 (1975). We add that the judge specifically stated that he had not set a formula for alimony, and he rejected the plaintiff's argument that a formula should be used.

expenses was not a material change in circumstances requiring modification of the original alimony award.[9] The judge's findings are supported by the record.[10] The judge did not abuse his discretion in denying the plaintiff's request for modification of the award of alimony.

*Judgment affirmed.*

---

[9] The fact that the defendant cohabits with M.C. is not, of itself, a material change in circumstances requiring a reduction of the alimony she receives. As this court has stated, a judge may not alter or eliminate alimony "solely on the basis of a finding of cohabitation." *Gottsegen, supra* at 625. Rather, such a modification is appropriate only if the supporting spouse demonstrates that the recipient spouse's economic circumstances have changed as a result of the cohabitation. *Id.* In this case, the plaintiff has made no such showing. The judge specifically found that M.C. was not contributing to the defendant's support.

[10] The defendant testified that she spent part of the $29,000 awarded to her as part of the divorce judgment on living expenses, namely, apartment rentals, car repair, and dental work.