## Carol A. Downey vs. Gerald F. Downey.

No. 00-P-138.

Middlesex. March 19, 2002. - September 12, 2002.

Present: Brown, Rapoza, & Doerfer, JJ.

*Divorce and Separation,* Modification of judgment, Alimony, Attorney's fees.

In an action for modification of a judgment of divorce nisi, the judge did not
   abuse her discretion in awarding alimony to the former wife, where the
   judge took into account the fact that the loss of child support income upon
   the emancipation of the divorced couple's youngest child constituted a
   material change of circumstances, but also considered the history of the
   proceedings and other relevant circumstances of the parties, and concluded
   that the wife's resources were not sufficient for her support. [815-819]
The judge in an action for modification of a judgment of divorce nisi did not
   abuse her discretion in ordering the former husband to pay the former
   wife's attorney's fees, where the judge considered all relevant factors,
   including the ability of the wife's counsel, the hourly rates, the existence
   of contemporaneous time records, the financial position of the parties, and
   the husband's obstructionist conduct which prolonged the proceedings and
   caused the wife's counsel to engage in extraordinary discovery efforts.
   [819-820]

Complaint for divorce filed in the Middlesex Division of the
Probate and Family Court Department on January 25, 1982.

A complaint for modification, filed November 5, 1996, was
heard by *Fernande R.V. Duffly,* J., and a motion for attorney's
fees was also heard by her.

*Janet H. Pumphrey (Russell R. Kadl* with her) for Gerald F.
Downey.

*Richard D. Packenham* for Carol A. Downey.

Doerfer, J. The former husband appeals from a modification
judgment of the Probate and Family Court which, among other
things, orders him to pay to the former wife alimony in the
amount of $275 a week. The husband also appeals from an
order of the court directing him to pay to the wife attorney's

fees in the amount of $25,000. We affirm the judgment and order.

1. *Background.* By a judgment of divorce nisi that was entered on September 23, 1982, the parties were ordered to comply with the terms of an agreement that was incorporated and merged in the judgment. The agreement provided, among other things, that the wife would have physical custody of the three minor children of the marriage and that the husband would "pay to the [w]ife the sum of $225 per week for alimony and support." The agreement made no specific provision for the termination of the alimony and child support obligation.[1]

The wife filed a first complaint for modification on June 25, 1990, alleging that the husband was making substantially more money than he had been earning at the time of the entry of the divorce judgment, and that the parties' youngest minor child was a full time student. The parties entered into a written agreement, which was incorporated in a temporary order of the court on February 26, 1991, providing that "[c]hild support shall be payable to the plaintiff in the amount of $275 per week," and that the wife "clearly does not waive any claim to alimony and retains the right to raise the issue upon the emancipation of the remaining child. . . ." No judgment was entered on the first complaint for modification.

The present complaint for modification was filed by the wife in November, 1996, and was amended in December, 1997. The amended complaint alleged that the wife "retained the right to raise the issue of alimony upon the emancipation of the remaining child," which would occur in May, 1998, and that the wife "is in need of support for herself." By a temporary order that was issued on August 28, 1998, the husband's child and college support obligations were terminated, but the husband was ordered to pay $300 a week "to meet the present financial needs of the wife." After a trial on the wife's amended complaint for modification, the judge made extensive findings, which we summarize below.

The husband, a college professor, is sixty-two years of age.

---

[1] The agreement also contained provisions concerning the sale of the former marital home in which the wife resided. The house was eventually sold at some time subsequent to July, 1998.

The wife, a legal secretary, is fifty-eight. In 1982, the husband earned $34,000 and listed his interest in the former marital home as his only major asset. (Although the husband also had a Commonwealth of Massachusetts pension/retirement plan, the parties' agreement made no provision for the division of that asset.) The wife, who returned to work shortly before the divorce, earned $5,340 in 1982. It appears that the wife's primary asset at that time was her interest in the former marital home.

As of February 26, 1991, the husband's gross weekly income from employment was $1,187.50 ($61,750 a year). The husband's financial statement reflected assets worth $164,200, including his one-half interest in the former marital residence (which the husband valued at $87,350) and his contributions to an IRA and the Commonwealth of Massachusetts retirement plan. In February, 1991, the wife's gross weekly income from earnings was $586.54 ($30,500 a year). The value of the wife's assets was $124,000, including her one-half interest in the former marital home (which she valued at $100,000).

At the time of the modification trial, the husband earned $1,584 a week ($82,368 a year) in addition to weekly interest income of $22. His net weekly income amounted to $1,045. The husband's expenses, exclusive of mortgage and property tax payments[2] and alimony, amounted to $752 a week. The husband's expenses included those of his current wife. The husband valued his assets, including his contributions to the Commonwealth of Massachusetts retirement system,[3] at $267,506. At the time of trial, the wife earned $644.24 a week ($33,500 a year), plus $70.92 in weekly interest and dividend income. Her net income, exclusive of alimony, was $764.78 a week. Her weekly expenses, exclusive of attorney's fees and income taxes, amounted to $950. The wife's assets consisted of

---

[2]The husband remarried in 1986. As the home the husband shares with his current wife is owned by her, he did not list real estate as an asset on his current financial statement.

[3]Although the husband listed the current value of his contributions to the retirement plan at $98,600, the judge found that that was not the present value of his interest. See *Dewan* v. *Dewan*, 17 Mass. App. Ct. 97, 99-100 (1983), *S.C.*, 399 Mass. 754 (1987), and 30 Mass. App. Ct. 133 (1991).

the balance of the proceeds from the sale of the marital home ($89,006), an IRA ($12,000), and an automobile.

In issuing the modification judgment, the judge set forth a rationale which, in summary form, indicated (a) that she had given due consideration to the parties' agreements (and the wife's retention of the right to seek alimony upon emancipation of the youngest child); (b) that even in the absence of the 1991 agreement, the loss of child support income to the wife in the amount of $14,300 a year constituted a change in circumstances sufficient to warrant consideration of her claim[4]; (c) that although the wife's income had increased since the divorce, it had never been sufficient to allow her to provide adequately for her own needs; (d) that the wife should not be required to deplete her own assets in order to maintain herself; and (e) that the wife required alimony in the amount of $275 a week to meet her needs and the husband had the ability to make that payment.

On the wife's motion for attorney's fees, costs, and expenses, the judge, after a hearing, ordered the husband to pay the wife $25,000.

2. *Modification of alimony.* "To be successful in an action to modify a judgment for alimony . . . , the [plaintiff] must demonstrate a material change of circumstances since the entry of the earlier judgment." *Schuler* v. *Schuler*, 382 Mass. 366, 368 (1981). See *Bush* v. *Bush*, 402 Mass. 406, 411 (1988).[5] "The change may be in the needs or the resources of the parties . . . or in their respective incomes." *Fugere* v. *Fugere*, 24 Mass. App. Ct. 758, 760 (1987). "The determination of the extent and palpability of such change, however, lies in large measure within the discretion of the trial judge." *Heistand* v.

---

[4]At trial, the husband took the position that the court was required to "consider whether there has been a change in the parties' circumstances since the February 26, 1991 order." The court concluded that "in the absence of a judgment of modification filed in connection with the complaint filed by [the wife] on June 25, 1990, the court must consider changes in circumstances which have occurred since the [d]ivorce [j]udgment of September 22, 1982, but the conclusion would in either event be the same."

[5]Both parties have proceeded on the theory that the wife was required to demonstrate a material change in circumstances in the present case. As we have stated, the judge did, in fact, find that there had been a material change in the parties' circumstances.

*Heistand*, 384 Mass. 20, 26 (1981). *Fugere* v. *Fugere*, 24 Mass. App. Ct. at 760. *Champion* v. *Champion*, 54 Mass. App. Ct. 215, 223 (2002). In acting on a request for modification, the judge, of course, must weigh all relevant circumstances. See *Parrish* v. *Parrish*, 30 Mass. App. Ct. 78, 89 (1991). "Unless there is no basis in the record for the judge's decision, we defer to the judge's evaluation of the evidence presented at trial." *Bush* v. *Bush*, 402 Mass. at 411.

The husband argues that the judge erred in awarding alimony to the wife "where the only material change of circumstances was [the loss of child support income upon the] emancipation of the youngest child and where the wife's resources were sufficient for her support." We think the husband reads too narrowly the judge's findings and conclusions. While the judge makes specific reference in her findings to the emancipation of the youngest child and the wife's loss of child support, it is apparent that the judge, in reaching her decision, also had in mind the history of the proceedings and other relevant circumstances of the parties. Indeed, the judge considered the wife's request for alimony against the backdrop of the original judgment and the 1991 stipulation and temporary order. See *Huddleston* v. *Huddleston*, 51 Mass. App. Ct. 563, 568 (2001) ("We review the findings to determine whether the judge gave appropriate consideration to the parties' intentions as expressed in their [merged] written agreement . . . and to any changes in their circumstances since the last modification"); *Dwight* v. *Dwight*, 52 Mass. App. Ct. 739, 744 n.6 (2001).[6] The judge also compared carefully the parties' past and present financial posi-

---

[6]As we have indicated, the 1982 agreement and judgment provided for unallocated alimony and child support in the amount of $225 a week (which comprised approximately 34% of the husband's gross income at the time) that was not subject to a specific termination date or event. The judge explained that pursuant to the terms of the original agreement, and absent any modification thereof, the wife could have continued to receive alimony after her retirement. Continuing, the court stated that the support provision of the 1982 agreement was fair and equitable in view of the length of the parties' marriage and the fact that the husband earned substantially more than the wife, who had been a homemaker throughout most of the marriage. The judge also stated that it was reasonable to assume that the parties' failure to divide the husband's pension was based on the possibility that the husband would be paying support to the wife from his retirement benefits.

tions, which showed that the husband's income (and the value of his assets) had increased since 1982 and 1991 and that the wife was unable to meet her needs despite the increase in her own income.

To the extent the husband argues that the youngest child's emancipation was not unexpected and that a modification cannot be based on an anticipated event, it is enough to say that the parties agreed expressly in 1991 that the wife retained the right to raise the issue of alimony upon the emancipation of the youngest child. See *Bercume* v. *Bercume*, 428 Mass. 635, 643-644 (1999) ("A judge who modifies a divorce judgment does not write on a tabula rasa. To the extent possible, and consistent with common sense and justice, the modified judgment should take into account the earlier, expressed desires of the parties"); *Huddleston* v. *Huddleston*, 51 Mass. App. Ct. at 567-568. Moreover, we think it is apparent that the parties' reservation of the wife's right to revisit the question of alimony constitutes a tacit acknowledgment that the real financial circumstances of the wife could well change upon the child's emancipation.[7]

Finally, notwithstanding the husband's assertion in his brief that the emancipation of a child "by its very nature implies a *decrease* of household expenses" (emphasis supplied), the husband, through counsel, acknowledged at oral argument that the emancipation of a child would not automatically compel a reduction in support. In all events, we perceive no sound reason why a child's emancipation, and the resulting loss of child support to a party, may not, in circumstances such as those presented here, be considered by a judge in determining whether there has been a material change in circumstances that would warrant the imposition of (or increase in) an order for alimony.[8] The point is suggested by our decision in *Buckley* v. *Buckley*,

---

As for the parties' modification of support in 1991, the judge noted that the child support payment of $275 a week was equal to only 23% of the husband's gross income, but that it would no longer be tax deductible by the husband nor would it be included as income on the wife's tax returns.

[7]Contrary to the husband's claim, the judge did not construe the reservation of rights in 1991 as a directive that the wife must be awarded alimony.

[8]The husband, through counsel, stated at oral argument that the emancipation of a child is a relevant factor in determining whether there has been a material change in the parties' circumstances. He urged, however, that it can-

42 Mass. App. Ct. 716, 719 n.2 (1997) (dictum),[9] and is consistent with the fundamental purpose of alimony, i.e., to provide economic support to the dependent spouse. See *Fugere* v. *Fugere*, 24 Mass. App. Ct. at 760-761, citing *Gottsegen* v. *Gottsegen*, 397 Mass. 617, 623 (1986). There is nothing in *Fugere* v. *Fugere*, *supra*, that would require a different result in the present case.

As for the husband's claim that the wife's resources are sufficient for her support, the judge found specifically that the wife's weekly expenses exceed substantially her weekly income and that the wife is unable to provide adequately for her needs.[10] Although the wife possesses assets worth in excess of $100,000 (a portion of which, the judge found, the wife intends to use to purchase a replacement residence), the judge properly could conclude that the wife "should not be required to deplete her assets in order to maintain herself." Similarly, we perceive no error in the judge's failure to attribute income to the wife because one of the emancipated children of the marriage

not be the sole factor upon which a judge relies. As we have discussed, the husband reads too narrowly the judge's findings and conclusions.

[9]In *Buckley*, the parties entered into an agreement whereby the wife was to have physical custody of the parties' daughter and the husband was to have physical custody of the parties' son. The parties waived past and present alimony but expressly reserved the right to claim future alimony. After the minor daughter left the home of her mother and moved in with her father, the court modified the husband's support obligation by no longer requiring him to pay to the wife child support for the daughter. On the wife's complaint for modification seeking alimony, the court ordered the husband to pay ongoing alimony in the amount of $60 a week. We stated: "What matters in a modification proceeding is the current financial situation of the parties, obligations of support, and whether there has been a material change in circumstances from the time of the divorce . . . These, the trial judge considered here, noting, among other things, the loss of child support income to the wife, the husband's ability to contribute toward the wife's support, and the wife's inability to sustain herself reasonably on her current income." *Buckley* v. *Buckley*, 42 Mass. App. Ct. at 719 n.2. The husband in *Buckley* did not challenge on appeal the judge's determination that a material change in circumstances had occurred. *Id.* at 722 n.6.

[10]As the husband has failed to include in the record appendix the wife's financial statement filed at the time of the modification hearing, he is not in a position to challenge the judge's factual findings on the point. See *Connolly* v. *Connolly*, 400 Mass. 1002, 1003 (1987). We note also that there is nothing in the judge's findings to indicate that the wife's needs were excessive or unreasonable. See *Fugere* v. *Fugere*, 24 Mass. App. Ct. at 761 n.7.

continues to reside with her. Indeed, there was undisputed evidence at trial that the child residing with the wife had committed herself to work for one year in a public interest job at an extremely modest salary.[11]

In view of the foregoing discussion, we cannot say that the judge abused her discretion or otherwise erred as matter of law in ordering the husband to pay to the former wife alimony in the amount of $275 a week.

3. *Attorney's fees.* The husband argues that the judge abused her discretion by ordering him to pay $25,000 of the wife's attorney's fees "where the fees were not strictly conservative" and the court failed to consider all of the factors set out in cases such as *Robbins* v. *Robbins*, 19 Mass. App. Ct. 538, 543 (1985), *S.C.*, 22 Mass. App. Ct. 982 (1986), and *Edinburg* v. *Edinburg*, 22 Mass. App. Ct. 192, 198 (1986).

The judicial setting of counsel fees involves a consideration of "numerous, complex variables." See *Robbins* v. *Robbins*, 19 Mass. App. Ct. at 543. See generally 1 Kindregan & Inker, Family Law and Practice § 6.4 (2d ed. 1996). It follows that much discretion must be accorded a judge in determining the necessity and amount of attorney's fees. See *Robbins* v. *Robbins*, 19 Mass. App. Ct. at 543; *Moriarty* v. *Stone*, 41 Mass. App. Ct. 151, 159 (1996). An award of counsel fees is "presumed to be right and ordinarily ought not to be disturbed." *Ross* v. *Ross*, 385 Mass. 30, 39 (1982), quoting from *Smith* v. *Smith*, 361 Mass. 733, 738 (1972).

On review of the judge's seven-page memorandum of decision on the wife's motion for counsel fees, we are satisfied that the judge considered all relevant factors, including the ability of the wife's counsel, the work performed, the results secured, the time spent, the hourly rates, the existence of contemporaneous time records, the financial positions of the parties, and the husband's obstructionist conduct which prolonged the proceedings and caused the wife's counsel to engage in extraordinary discovery efforts. It is also clear that the court's award was grounded on "strictly conservative principles." See *Pemberton*

---

[11]Although the child does not make a financial contribution to the wife, the wife testified that the child "pays her own bills as far as clothing and that sort of thing."

v. *Pemberton,* 9 Mass. App. Ct. 9, 16 (1980). In the circumstances, the judge did not abuse her discretion in fashioning the order for counsel fees.

4. *Conclusion.* The modification judgment dated April 13, 1999, is affirmed. The order on motion for attorney's fees dated July 9, 1999, is affirmed. The wife's request for double costs and attorney's fees on appeal is denied.

*So ordered.*