The defendant, Nicole St. Hilaire, appeals from a modification judgment of the Probate and Family Court granting the plaintiff, Dana Young, sole physical and legal custody of the parties' minor child, David.[2] On appeal, the defendant argues that the judge abused her discretion by relying on the reports of the guardians ad litem (GALs) introduced in evidence at trial. The defendant further argues that the judge erred in concluding that there was a change in circumstance sufficient to support the decision to grant the plaintiff sole custody of David. The defendant also challenges a number of subsidiary factual findings made by the judge as being unsupported by the evidence offered at trial. The defendant further argues that she was prejudiced by the trial judge's questioning of a witness at trial. Finally, the defendant argues that the judge's conclusions of law were unsatisfactory. Following oral argument, we remanded the matter to the Probate and Family Court, with directions that the judge make additional findings related to the material change in circumstances subsequent to the March, 2009, agreement for judgment (custody judgment). The judge issued additional findings of fact, discussed infra, which are part of the record before us. We affirm.
Background. We summarize the relevant facts as found by the judge, reserving some facts for later discussion.[3]
The defendant gave birth to David in October, 2005. The plaintiff is David's father. The plaintiff and the defendant were never married to each other. In March, 2009, the plaintiff and the defendant entered into an agreement granting sole legal and physical custody of David to the defendant (this agreement later was subsumed in the custody judgment). On August 20, 2010, the plaintiff filed a complaint for modification seeking sole legal and physical custody of David. In July, 2014, the parties stipulated that the plaintiff would have sole legal and physical custody of David, and further stipulated that the GALs would continue in their role and establish a treatment team to deal with allegations that the defendant possibly suffered from a condition known as "Munchausen by proxy syndrome."[4] David has remained in the plaintiff's care since the stipulation, with the defendant having only limited, supervised contact with David. On March 2, 2016, after a trial on the merits, the modification judgment entered awarding the plaintiff sole legal and physical custody of David. The judge concluded that the plaintiff met his burden of proving a material and substantial change of circumstances since the custody judgment and that it was in David's best interests to transfer custody to the plaintiff.
Discussion. 1. Testimony and reports of the GALs. After the plaintiff's complaint for modification was filed, the parties stipulated to the appointment of the GALs. The GALs were tasked with determining which custody arrangement between the parents would be in David's best interests and the appropriateness of medical and psychological treatment for David. However, shortly after their appointment, the GALs began to develop visitation agreements between the plaintiff and the defendant, in violation of the professional standards set forth in § 1.4 of the Probate and Family Court standards for category E guardians ad litem/evaluators, which states: "The GAL shall not provide ... parent coordination ... or other professional services to any party or the child during the evaluation or pendency of the case." The GALs drafted five reports over the course of a four-year period, and those reports were introduced in evidence at trial over the defendant's objection.
a. GAL credibility. The defendant argues that the trial judge abused her discretion by crediting the testimony and reports of the GALs on the basis that the trial judge also found that the GALs exceeded the scope of their appointment.
"[T]he judge's assessment of the weight of the evidence and the credibility of the witnesses is entitled to deference." Custody of Eleanor, 414 Mass. 795, 799 (1993). See Johnston v. Johnston, 38 Mass. App. Ct. 531, 536 (1995) ("[T]he credibility of a party or other witness who appeared at trial is quintessentially the domain of the trial judge, in which the judge's assessment is close to immune from reversal on appeal except on the most compelling of showings").
Here, the trial judge's findings make clear that she considered the fact that the GALs "veered off course" by attempting to coordinate visitation arrangements between the plaintiff and the defendant. The trial judge was in the best position to determine what effect, if any, this had on the credibility of the GALs or the validity of their reports. The judge did not abuse her discretion by determining the ultimate conclusions relating to child custody and visitation made by the GALs were sound. See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).
b. Motion to strike. The defendant further argues that it was error to deny her motion to strike the GAL reports and the testimony of the testifying GAL. At trial, the defendant objected to the introduction of the GAL reports in evidence on the basis that they contained information that predated the custody judgment and on the ground that no advanced notice was given that the plaintiff wished to include them in the exhibit books submitted at trial. As the alleged error was preserved, we review for an abuse of discretion. See Guardianship of Pollard, 54 Mass. App. Ct. 318, 324 (2002).
A judge has the discretion to consider "the widest range of permissible evidence, including the reports and testimony of a court appointed investigator or G.A.L.," as well as "evidence of the history of the relationship between the child and each parent" when determining whether to modify an existing child custody order. Loebel v. Loebel, 77 Mass. App. Ct. 740, 747 (2010), quoting from Ardizoni v. Raymond, 40 Mass. App. Ct. 734, 738 (1996). As such, the introduction in evidence of the GAL reports at trial should have been anticipated by the parties, Guardianship of Pollard, 54 Mass. App. Ct. at 324, even if they were not included in the exhibit books prior to trial. Furthermore, the judge was entitled to review any information contained in the reports relating to the history of the relationship between each parent and the child. The judge made clear that she was cognizant of the fact that the reports contained information that predated the custody judgment, and her findings do not indicate that she relied on any information that predated that judgment in making her findings of fact or conclusions of law. As such, the trial judge did not abuse her discretion by admitting the GAL reports in evidence.
2. Change in circumstances. The defendant argues that the trial judge erred in concluding that there was a material and substantial change in circumstances sufficient to award the plaintiff sole legal and physical custody of David. We disagree.
A modification of a custody judgment for a child born out of wedlock may be granted where there is a substantial change in the circumstances of the parties or the child, and where modification is in the child's best interests. G. L. c. 209C, § 20. In order to succeed on a modification complaint, the moving party "must demonstrate a material change of circumstances since the entry of the earlier judgment." Downey v. Downey, 55 Mass. App. Ct. 812, 815 (2002) (citation omitted).
The trial judge's initial findings of fact, supplemented by her further findings of fact submitted at the request of this panel, support her conclusion that there were substantial, material changes in circumstances sufficient to support a modification of the existing custody judgment. The findings, which are supported by the record, show that since the custody judgment, the defendant: alienated members of her family; moved to New Hampshire with David without a court order; frequently moved her residence; transferred David out of his school midway through the year; exhibited behavior indicating that she possibly suffered from Munchausen by proxy syndrome; and opted to not participate in treatment related to Munchausen by proxy syndrome. Additionally, the trial judge found that David's anxiety diminished after the defendant was not allowed to be involved in parenting exchanges between the plaintiff and herself. These events constitute a substantial change in the circumstances of the parties and of David, arising after the entry of the custody judgment.
"The determination of which parent will promote a child's best interests rests within the discretion of the judge ... [whose] findings in a custody case 'must stand unless they are plainly wrong.' " J.S. v. C.C., 454 Mass. 652, 656 (2009), quoting from Custody of Kali, 439 Mass. 834, 845 (2003). The judge concluded that David had "blossomed" since the plaintiff was transferred custody in July, 2014, and that David's interests are "undoubtedly served by remaining in [the plaintiff's] care." The evidence amply supports this conclusion. As such, the judge did not err in finding that it was in David's best interests to have sole physical and legal custody rest with the plaintiff.[5]
3. The judge's questioning of a GAL. The defendant further claims that the trial judge erred by questioning a GAL about the possibility that the defendant suffered from Munchausen by proxy syndrome.
"A judge has the right and, in some circumstances, the duty to participate in the examination of a witness." Adoption of Seth, 29 Mass. App. Ct. 343, 351 (1990). However, judicial questioning becomes improper where it is either excessive or lacking in impartiality. See Commonwealth v. Watkins, 63 Mass. App. Ct. 69, 74 (2005). The record shows that the judge was attempting to clarify prior testimony of the GAL by asking questions as to which, if any, medical providers raised the possibility that the defendant may be suffering from Munchausen by proxy syndrome. The questioning was neither excessive, nor did it reflect any bias on the judge's part. There was no error.
Judgment affirmed.

A pseudonym.

The defendant challenges numerous findings made by the trial judge as clearly erroneous. Having reviewed the record before us, we conclude that all of the factual findings challenged by the defendant have sufficient record support and are thus not clearly erroneous.

The fifth edition of the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders refers to Munchausen by proxy syndrome as "factitious disorder imposed on another." We refer to the disorder as Munchausen by proxy syndrome throughout this decision because that terminology appears in the record before us.

The defendant argues that the trial judge failed to make any conclusions of law. We disagree. The trial judge explicitly found that there was both a substantial and material change of circumstances since the custody judgment, and further found that a change in custody was in David's best interests.