Aida Jacinta Bielkus (wife) appeals from the corrected consolidated judgment on the complaint of Marinus Strydom (husband) to modify his alimony obligation and on her own complaint for contempt. We affirm.
Background. On July 31, 2009, a judge of the Probate and Family Court issued a judgment of divorce nisi, incorporating the parties' separation agreement. On October 26, 2009, the judge issued a supplemental judgment that decided the remaining contested issues, including the husband's child support and alimony obligations. Using the husband's base salary of $184,000 ($3,541 per week) and attributing no income to the wife, the judge ordered the husband to pay the wife $865 per week for support of the couple's two children. The judge also ordered the husband to pay alimony in the amount of $200 per week, plus thirty percent of any additional compensation (bonuses and commissions) above his base salary. Referring to the thirty percent provision, the judge added, "If the [h]usband is no longer obligated to pay alimony to the [w]ife, the above payment shall be considered child support ...."
On March 23, 2010, the husband filed a complaint for modification on the ground that the wife was employed in a business endeavor and making substantial income. Indeed, the wife had become a partner and an instructor in her family's yoga and life coaching business. On November 2, 2012, a second judge issued a temporary order reducing the husband's weekly alimony obligation from $200 to $150 and suspending the husband's obligation to pay a percentage of his additional compensation.
On October 30, 2013, the husband amended his complaint for modification to include a request to terminate alimony payments based on the durational limits set forth in the Alimony Reform Act. See G. L. c. 208, § 49(b )(2). By stipulation, the parties agreed to suspend the husband's alimony obligation as of February 28, 2015. On April 8, 2015, the wife filed a complaint for contempt based on the husband's failure to pay his portion of the children's extracurricular and orthodontia expenses.
On June 27, 2016 (nunc pro tunc to May 31, 2016), after a trial on the husband's amended complaint for modification and the wife's complaint for contempt, a third judge issued the corrected consolidated judgment that is the subject of this appeal. The judge terminated the husband's obligation to pay thirty percent of additional compensation as of November 2, 2012, and terminated the weekly alimony of $150 as of February 28, 2015, based on the Alimony Reform Act's durational limits-effectively affirming the second judge's temporary order and the parties' stipulation concerning the durational limit.
The trial judge also recalculated the husband's child support obligation. By averaging the last four years of the husband's total compensation (base salary plus bonuses and commissions), the judge found the husband's weekly income to be $4,676. Based on the parties' stipulation that the wife's annual earning potential from 2012 forward was $20,000, the judge attributed weekly income of $385 to her.[2] Under the Child Support Guidelines, the husband was obligated to pay $888 per week. Taking into account the increased expenses of the older children, the judge deviated upwards and ordered the husband to pay child support in the amount of $925 per week. The judge made the increased child support obligation retroactive to January 1, 2016, and ordered the husband to make a one-time lump-sum payment of $1,260 to make up the difference between the original child support amount and the increased amount.
Finally, attributing the husband's nonpayment of the children's expenses to the parties' "issues communicating as to extracurricular activities," the judge dismissed the complaint for contempt and eliminated the requirement that the husband pay half of the expenses for such activities.
Discussion. 1. Modification of alimony. As a consequence of the temporary order and the corrected consolidated judgment, the husband's original alimony obligation of $200 weekly plus thirty percent of additional compensation was reduced to $150 per week as of November 2, 2012. The wife contends that the husband failed to demonstrate a material change in circumstances to warrant this modification, and that she is therefore entitled to back payment of alimony through February 28, 2015, in the amount of $70,584.57.[3] The record belies her claim.
Upon a complaint for modification of alimony, the court may "revise and alter its judgment relative to the amount of such alimony ... and may make any judgment relative thereto which it might have made in the original action." G. L. c. 208, § 37, as amended through St. 1977, c. 495. "To be successful in an action to modify a judgment for alimony or child support, the petitioner must demonstrate a material change of circumstances since the entry of the earlier judgment." Pierce v. Pierce, 455 Mass. 286, 293 (2009), quoting from Schuler v. Schuler, 382 Mass. 366, 368 (1981). "Unless there is no basis in the record for the judge's decision, we defer to the judge's evaluation of the evidence presented at trial." Downey v. Downey, 55 Mass. App. Ct. 812, 816 (2002), quoting from Bush v. Bush, 402 Mass. 406, 411 (1988). We carefully consider the record to determine whether the judge's factual findings are clearly erroneous, whether the judge made any errors of law, and whether the judge committed an abuse of discretion. See Pierce, supra at 293.
When the parties divorced in 2009, the wife was not employed and consequently had no income. By late 2012, however, she was actively involved in her family's business and receiving income therefrom. Exactly how much of the company she owned and how much she was earning were disputed issues at trial, and the parties ultimately stipulated that her income was $20,000 per year. While the court commented that this amount was "not substantial enough to alter the child support amount," the change in circumstances was sufficient for modification of the alimony award. A judge may consider a party's potential earning capacity in evaluating a material change in circumstances. See, e.g., Emery v. Sturtevant, 91 Mass. App. Ct. 502, 509 (2017). The judge did not err or abuse his discretion in reducing the husband's alimony obligation to $150 per week, and eliminating the thirty percent payment, for the period between November 2, 2012, and February 28, 2015.[4]
2. Child support. The wife contends that the trial judge erred in recalculating the husband's child support obligation because he did not incorporate the first judge's provision that thirty percent of additional compensation should be paid as child support if the husband was no longer required to pay alimony. The wife also argues that the judge did not properly apply the Child Support Guidelines.
The guidelines applicable at the time of trial were to be "calculated up to a maximum combined available annual gross income of the parties of $250,000." Massachusetts Child Support Guidelines § II.C (2013). "In cases where income exceeds this limit, the Court should consider the award of support at the $250,000 level as the minimum presumptive order. The child support obligation for the portion of combined available income that exceeds $250,000 shall be in the discretion of the Court." Ibid. "There shall be a rebuttable presumption that the amount of the order which would result from the application of the guidelines is the appropriate amount." G. L. c. 119A, § 13(c ), inserted by St. 1993, c. 460, § 53.
In making the guidelines calculation, the judge correctly considered the husband's entire income, including his additional compensation. See Massachusetts Child Support Guidelines § I.A (2013) (defining income to include "salaries, wages, overtime and tips," "commissions," and "bonuses").[5] The judge determined that the husband's annual income from all sources was $243,158. Assuming the wife's annual income to be $20,000-an amount that the judge considered favorable to the wife-the parties' total income was $263,158.
The guidelines calculation with respect to the first $250,000 yielded an award of $888 per week to the wife. The judge had discretion to allocate the additional $13,158 as he deemed appropriate. Taking into account the children's increased activities, the judge, in fact, deviated upward by $37 per week in favor of the wife, setting the husband's weekly child support obligation at $925, as compared to his prior obligation of $865. We discern no error or abuse of discretion.
3. Contempt. Additionally, the wife contends that the husband should be held in contempt for refusing to pay his share of the children's orthodontia expenses and the gymnastic classes as required by the separation agreement.
"To constitute civil contempt there must be a clear and undoubted disobedience of a clear and unequivocal command." Mahoney v. Mahoney, 65 Mass. App. Ct. 537, 540 (2006), quoting from Kraft v. Police Commr. of Boston, 417 Mass. 235, 239 (1994). "Civil contempt proceedings are 'remedial and coercive,' intended to achieve compliance with the court's orders for the benefit of the complainant." Poras v. Pauling, 70 Mass. App. Ct. 535, 539 (2007), quoting from Furtado v. Furtado, 380 Mass. 137, 141 (1980). The complainant has the burden to establish the contempt by clear and convincing evidence. Cooper v. Keto, 83 Mass. App. Ct. 798, 804 (2013). "We review the decision to dismiss the complaint for abuse of discretion." Koshy v. Sachdev, 477 Mass. 759, 773 (2017). See Eldim, Inc. v. Mullen, 47 Mass. App. Ct. 125, 129 (1999) (purpose of contempt proceedings is remedial, "and the formulation of the remedy is within the judge's discretion").
The wife claimed that the husband violated the separation agreement when he withheld payment for one child's gymnastics classes. The husband defended his refusal on the ground that he had agreed to pay only if the child were registered in the husband's surname rather than a hyphenated surname. Rather than hold the husband in contempt, the judge eliminated the husband's obligation to pay for extracurricular activities and increased the husband's weekly child support obligation-including a retroactive increase to be paid in a lump sum of $1,260. The judge did not abuse his discretion in dismissing the complaint and fashioning a new remedy for the parties.
The wife also claims that the husband violated the separation agreement when he refused to pay the orthodontia expenses. The separation agreement provides a complicated procedure for selection and payment of health care services for the children, requiring consultation and agreement between the husband and wife, and a formula to use in the case that no agreement can be reached. With respect to the orthodontist, the parties could not reach agreement, and the husband testified that he was "willing to pay half of any fees that are regular in the industry but I have yet to see any explanation of what the treatment is." The judge did not abuse his discretion in declining to find the husband in contempt.
Corrected consolidated judgment dated June 27, 2016, affirmed.[6]

The judge accepted the parties' stipulation even though he believed that it underestimated the wife's earning capacity, finding that "the income presently, and in the future will probably be higher, in the $25,000-$30,000 range."

As the wife conceded at oral argument, in making this calculation she erroneously calculated the husband's obligation for 2015 based on the entire year rather than just the first two months. Accordingly, she overstated her claim by at least $22,000.

We note that the husband paid the wife a total of $1,015 per week during this period in child support and alimony. This exceeds the husband's recalculated child support obligation from January 1, 2016, forward, which was based on his total gross income, including bonuses and commissions.

By incorporating the husband's additional compensation in the child support calculation, the revised child support order superseded any prior order requiring a percentage payment from additional compensation. The judge did not err in this regard; indeed, self-modifying orders such as the prior order here are disfavored. See Hassey v. Hassey, 85 Mass. App. Ct. 518, 526-528 (2014). To the extent the husband's income increases in the future such that the current child support order becomes inequitable, the wife may seek to modify the child support award accordingly. See Morales v. Morales, 464 Mass. 507, 511 (2013).

The husband's request for attorney's fees is denied. We do not view the wife's appeal as frivolous.