Laura L. Bortolotti (Laura) and Robert J. Bortolotti (Robert), cross-appeal from a judgment of divorce nisi, each asserting various grounds of error.[2] Concluding that the judge erred in determining the length of the marriage for purposes of setting alimony, and in determining Robert's premarital estate for purposes of the equitable division of assets, we vacate in part but affirm the judgment in all other respects.
Discussion. 1. Length of the marriage. Laura asserts the judge misapplied the economic partnership test when deciding to exclude the period of the parties' cohabitation in his determination of the length of the marriage for purposes of alimony. We agree.
The parties lived together for a significant number of years beginning in 1998 and continuing until they married in 2004. During that period of cohabitation, Laura worked and did not provide financial support to the relationship, but there was evidence that she was economically dependent on Robert. The judge correctly concluded that he could adjust the length of the marriage for any significant premarital cohabitation that includes an "economic marital partnership." G. L. c. 208, § 48, inserted by St. 2011, c. 124, § 3. However, focusing solely on the fact that Laura did not contribute financially to the relationship, the judge found that there was no "economic marital partnership" for the period of the parties' cohabitation, and he did not include those years in determining the length of the marriage for purposes of alimony. This was error.
Section 48 does not specifically define "economic marital partnership," but G. L. c. 208, § 49(d )(1)(ii), inserted by St. 2011, c. 124, § 3, which pertains to general term alimony, authorizes a judge to consider many factors when determining subsequent cohabitation by a recipient spouse, including the "economic dependence of [one] person on the other." See Hartford Ins. Co. v. Hertz Corp., 410 Mass. 279, 284 (1991) (in construing statutory term, "we may also look to relevant provisions of other parts of the statute"). The Supreme Judicial Court also recently reasoned that "the Legislature intended to use the terms cohabitation, economic marital partnership, and common household" roughly synonymously. Duff-Kareores v. Kareores, 474 Mass. 528, 534 (2016). Accordingly, if Laura was economically dependent on Robert during their period of cohabitation, there may exist an "economic marital partnership" even in the absence of any financial contribution by her to the relationship. Id. at 535. Accordingly, we vacate the alimony award and remand for the judge to reconsider the period of the parties' cohabitation where Laura was economically dependent on Robert in determining the length of marriage for purposes of setting alimony.[3]
2. Valuation of Robert's premarital assets. Robert, on the other hand, takes issue with the judge's valuation of his premarital assets, asserting that the judge erred when he took judicial notice of a 1999 valuation of Robert's assets from a prior divorce proceeding to value Robert's premarital assets for purposes of an equitable division of assets here. We agree.
When valuing the marital estate under the equitable division statute, G. L. c. 208, § 34, the judge may value and subtract the parties' premarital assets. Adams v. Adams, 459 Mass. 361, 370 (2011). When valuing premarital assets, the judge may accept an expert's valuation, or formulate a valuation independently. Fechtor v. Fechtor, 26 Mass. App. Ct. 859, 863 (1989). When making this valuation, the judge must make a determination of the value of the premarital assets at the time of the marriage. See Adams, supra (describing "premarital assets" as things "owned at the time of the marriage").
The judge did not engage in such an inquiry here but, rather, applied a calculation of Robert's net worth that the judge had arrived at five years earlier during a prior 1999 divorce proceeding.[4] This is "plainly wrong." Williams v. Massa, 431 Mass. 619, 631 (2000). Accordingly, we vacate the property division and remand for the judge to engage in a valuation of Robert's premarital assets at the time of the parties' marriage in 2004. Adams, supra.
3. Remaining issues. Laura raises various other challenges to the judgment, none of which warrants reversal or remand. We address these below.
a. Notice of appeal. Laura contends the judge erred in permitting Robert to file a late notice of appeal. A party must file a notice of appeal either within thirty days of entry of judgment in the trial court, or within thirty days of entry of an order disposing of a timely postjudgment motion. Mass.R.A.P. 4(a), as amended, 464 Mass. 1601 (2013). Robert filed a timely notice of appeal after the judge's denial of his timely motion to alter or amend the judgment. Then, after the judge issued his findings of fact, and after Laura's motion to amend the findings was filed and denied, Robert filed another notice of appeal, more than thirty days but less than sixty days after the denial of Laura's postjudgment motion. However, because Robert had already timely appealed from the order denying his postjudgment motion, we perceive no error in deeming Robert's appeal timely.
b. Robert's normalized salary. Laura also asserts the judge erred in declining to adopt the full amount of a business valuation expert's normalized salary for Robert from Coastal Equipment Rentals, Inc. (Coastal), when calculating alimony, but accepting the full amount of the normalized salary for equitable division purposes.
Valuation of a business for equitable division is a question of fact, and we only vacate when valuation is clearly erroneous. Adams, supra at 380. Here, the independent expert carefully valued Robert's business interest in Coastal, and, as the judge noted, neither party objected to the expert's report or offered evidence to undermine his conclusions. See Robinson v. Contributory Retirement Appeal Bd., 20 Mass. App. Ct. 634, 639 (1985) ("[W]here ... there is uncontradicted testimony concerning a subject which is beyond the common knowledge and experience of the finder of fact, that testimony may not be rejected without a basis for such rejection in the record"). The independent expert valued Robert's ownership interest in Coastal using the "income approach method," and derived a normalized salary from these calculations, and thus, the judge properly accepted the independent expert's normalized salary calculations to determine an equitable division. Ibid. However, where there was evidence that Robert did not derive any actual income from Costal, except in August and September, 2015, the judge did not abuse his discretion in electing to consider roughly half rather than the full amount of unrealized income from Costal for purposes of the alimony calculation. See Bernier v. Bernier, 449 Mass. 774, 793-794 (2007).
c. Attributing income to Laura. Laura also takes issue with the judge's attribution of income to her. "In determining the incomes of parties with respect to the issue of alimony, the court may attribute income to a party who is unemployed or underemployed." G. L. c. 208, § 53(f ), inserted by St. 2011, c. 124, § 3. To do so, "the judge must make a determination that a party is capable of earning more with reasonable effort." Emery v. Sturtevant, 91 Mass. App. Ct. 502, 509 (2017). Prior to 2015, Laura was gainfully employed as a trust advisor with TD Bank. However, when the bank terminated that position and offered Laura a new position, she rejected it. Laura obtained extensive experience from that job, but remained unemployed from 2015 to the time of trial. On that basis, the judge could properly conclude that Laura is capable of earning "more with reasonable effort."[5] Ibid. There was no error.
d. Division of the marital estate. Laura also challenges the sixty-five to thirty-five percent division of assets in Robert's favor. When dividing the marital estate, the judge must consider the factors in § 34, and the reasons for his conclusion must be apparent and flow rationally from his findings. Williams, 431 Mass. at 631. Here, the judge made findings as to each of the factors in § 34, and did not consider irrelevant factors. The percentage division of the estate arrived at by the judge flowed rationally from his findings, and was neither plainly wrong nor excessive. Ibid. There was no error.[6]
e. Valuation of properties. Laura also launches various attacks on the judge's valuation of three pieces of real estate and three checking accounts. To begin with, she asserts the judge erred in using a 2014 appraisal date for the real property. We are not persuaded.
"Although the marital estate is typically determined as of the date of the divorce trial, the judge has the discretion to make that determination at another date," such as the date of separation. Moriarty v. Stone, 41 Mass. App. Ct. 151, 154 (1996). Here, the divorce trial occurred in 2016 but the parties separated in 2012. Accordingly, the judge was within his discretion in choosing 2014, which was halfway between the parties' separation and trial, as the appropriate appraisal date.
Laura's other challenges to the judge's findings with respect to these properties are equally unconvincing. For example, contrary to Laura's assertion, there was adequate record support for the judge's finding and consideration of the fact that Robert borrowed money to purchase 14 Jaclyn Lane. See Palmer v. Murphy, 42 Mass. App. Ct. 334, 343 (1997). Similarly, the judge's consideration of a tax liability on 1574 Old Post Road bore ample record support.
We also see no error with the judge's failure to specify the checking accounts held by the three various trusts, as Robert had fully retained his interests in two of these trusts, the Industry Road Development Trust and Old Post Road Development Trust, and the third trust account held only a negligible sum of $659.34.
f. Fees and costs. Finally, Laura argues the judge erred in not awarding her full attorney's fees and costs. We disagree. A judge should only award fees and costs "in appropriate circumstances," such as when a party engaged in "obstructionist conduct which prolonged the proceedings." Cooper v. Cooper, 62 Mass. App. Ct. 130, 141 (2004), quoting from Downey v. Downey, 55 Mass. App. Ct. 812, 819 (2002). Here, there is no evidence that Robert engaged in obstructionist conduct or otherwise prolonged the proceedings. We discern no abuse of discretion in the judge's decision to decline to award costs and fees to either party.
Conclusion. We vacate the alimony and marital property distribution portions of the judgment and remand for further proceedings consistent with this memorandum and order. We affirm the judgment in all other respects.[7]
So ordered.
Vacated in part, and remanded; affirmed in part.

Because the parties share a surname, we use their first names, meaning no disrespect to either party.

Robert's assertion that the whole alimony award is clearly excessive is meritless. The judge carefully considered Laura's needs and liabilities when setting alimony, as required by G. L. c. 208, § 53.

The judge in this case was the judge in the 1999 divorce as well.

Robert hired an expert witness to testify as to Laura's earning prospects, and contends the judge erred in excluding the expert's testimony. We disagree. The expert submitted his report on the eve of trial, long after the close of discovery. The judge had the discretionary authority to exclude expert testimony revealed shortly before trial. See Grassi Design Group, Inc. v. Bank of America, N.A., 74 Mass. App. Ct. 456, 459-460 (2009).

Robert also challenges the division of marital assets, but his arguments rest on the judge's erroneous use of the 1999 divorce judgment to value premarital assets, discussed above.

We deny both parties' requests for appellate attorney's fees and costs.